## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

#### COMPLAINT

### STATEMENT OF TRUTH AND FACTS

2021 MAY 14  PM 2:00

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This is a sworn verification of facts by the living, breathing natural person, Christopher Henry Raborg, the Trustee of <u>CHRISTOPHER HENRY RABORG TRUST</u> EIN # 35-7214725 – Appearing without an attorney (Pro Se).

### Sworn, Notarized Statement:

SERVED BY: FedEx via Postage Prepaid with 3-day delivery and the respective tracking number. All court documents are sworn and notarized.

### <u>COMPLAINT</u>

### <u>NO JURY TRIAL DEMANDED</u>

Civil Nature of Suit Code Descriptions: 896, 850, 470

| | |
|---|---|
| **CHRISTOPHER HENRY RABORG TRUST** | Civil Docket for Case #: |
| | To be determined |
| Plaintiff, | COMPLAINT FOR: |
| | 1.  Securities Violation; |
| v | 2.  Violations & Violation in the Inducement; |
| | 3.  Breach of Arbitration Contract; |
| **CANTOR FITZGERALD FINANCIAL CORPORATION** Chief Compliance Officer, et al., | 4.  Violation of RICO; |
| | 5.  Conspiracy to Violate RICO; |
| Defendants. | 6.  Unjust Enrichment; |
| | 7.  Tax Evasion; |
| | 8.  Unjust Transfer |

Now come plaintiff CHRISTOPHER HENRY RABORG TRUST, Christopher Henry

Raborg, the Trustee of <u>CHRISTOPHER HENRY RABORG TRUST</u> Appearing without

an attorney (Pro Se) ("PLAINTIFF") and for the complaint against CANTOR FITZGERALD FINANCIAL CORPORATION, J.H. WHITNEY AND COMPANY, INC., CVC CAPITAL PARTNERS (U.S.), INC., ALLIANZ ASSET MANAGEMENT OF AMERICA HOLDINGS INC., HOWARD W. LUTNICK, ANSHU JAIN, STEPHEN MERKEL, STEVEN BISGAY, ANGELO SOFOCLEOUS, RUSSEL HALEY, NICK TULLOCH, CATHERINE LEFTLEY, ANNIE MILLS, KEVIN J. CURLEY, DAVID J. ZATLUKAL, STEVEN E. RODGERS, PAUL R. VIGANO, ROBERT M. WILLIAMS, JR., ANN K. CHUN, RAJU HUSSAIN, LAUREN LIVINGSTON, CALUM CONWAY, MARC BOUGHTON, DAVID MACKENZIE, MICHAEL DIEKMANN, OLIVER BAITE, SERGIO BALBINOT, JACQUELINE HUNT, HELGA JUNG, CHRISTOF MASCHER, GUNTHER THALLINGER, AXEL THEIS, DIETER WEMMER, WERNER ZEDELIUS, and DORIVAL DOURADO JUNIOR (collectively, "DEFENDANTS") state as follows:

## Parties

Plaintiff is CHRISTOPHER HENRY RABORG TRUST. Trustee, Christopher Henry Raborg, appearing without an attorney (Pro Se) is an American National, a natural, living, breathing person with the principal place of business at 1191 E Newport Center Dr Ste. 103, Deerfield Beach, Florida 33442-7714, Tel: 561-288-0644, Email: raborg.ch@gmail.com

1. Defendant, CANTOR FITZGERALD FINANCIAL CORPORATION ("CANTOR FITZGERALD"), is a Delaware corporation with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

2. Defendant, J. H. WHITNEY & CO., INC. ("WHITNEY"), is a Delaware corporation with its principal place of business at 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

3. Defendant, CVC CAPITAL PARTNERS (U.S.), INC. ("CVC"), is a Delaware corporation with its principal place of business at 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: (212)265-6222.

4.  Defendant, ALLIANZ ASSET MANAGEMENT OF AMERICA HOLDINGS INC. ("ALLIANZ"), is a Delaware corporation with its principal place of business at 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

5.  Defendant, HOWARD W. LUTNICK, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

6.  Defendant, ANSHU JAIN, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

7.  Defendant, STEPHEN MERKEL, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

8.  Defendant, STEVEN BISGAY, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

9.  Defendant, ANGELO SOFOCLEOUS, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

10. Defendant, RUSSEL HALEY, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

11. Defendant, NICK TULLOCH, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

12. Defendant, CATHERINE LEFTLEY, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

13. Defendant, ANNIE MILLS, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

14. Defendant, KEVIN J. CURLEY, is an officer and controlling person at CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

15. Defendant, DAVID J. ZATLUKAL, is an officer and controlling person at WHITNEY, 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

16. Defendant, STEVEN E. RODGERS, is an officer and controlling person at WHITNEY, 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

17. Defendant, PAUL R. VIGANO, is an officer and controlling person at WHITNEY, 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

18. Defendant, ROBERT M. WILLIAMS, JR., is an officer and controlling person at WHITNEY, 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

19. Defendant, ANN K. CHUN, is an officer and controlling person at WHITNEY, 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

20. Defendant, RAJU HUSSAIN, is an officer and controlling person at WHITNEY, 874 WALKER RD STE C, DOVER, DE US 19904. Tel: (203)716-6100.

21. Defendant, LAUREN LIVINGSTON, is an officer and controlling person at CVC, 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: (212)265-6222.



22. Defendant, CALUM CONWAY, is an officer and controlling person at CVC, 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: (212)265-6222.

23. Defendant, MARC BOUGHTON, is an officer and controlling person at CVC, 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: (212)265-6222.

24. Defendant, DAVID MACKENZIE, is an officer and controlling person at CVC, 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: (212)265-6222.

25. Defendant, MICHAEL DIEKMANN, is an officer and controlling person at CVC, 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: (212)265-6222.

26. Defendant, OLIVER BAITE, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

27. Defendant, SERGIO BALBINOT, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

28. Defendant, JACQUELINE HUNT, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

29. Defendant, HELGA JUNG, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

30. Defendant, CHRISTOF MASCHER, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

31. Defendant, GUNTHER THALLINGER, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

32. Defendant, AXEL THEIS, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

33. Defendant, DIETER WEMMER, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

34. Defendant, WERNER ZEDELIUS, is an officer and controlling person at ALLIANZ, 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: (866)884-3556.

35. Defendant, DORIVAL DOURADO JUNIOR, is the President, Controlling Officer for Antfactory London and worldwide operations c/o CANTOR FITZGERALD, with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: (212)938-5000.

36. In connection with the acts and omissions alleged in this Case Filed 06/10/2020, under 28 U.S.C. § 1331, a case arising under the United States Constitution and federal laws and treaties is a federal question: Securities Violation. **Nature of Suit: ARBITRATION.**

37. This Court also has jurisdiction over this matter pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m, 78r and 78t and this Court has further jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 78(a), et seq. and 18 U.S.C. § 1962, commonly referred to as the Racketeer Influenced and Corrupt Organizations Act ("RICO").

38. In addition, this Court has further jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts and circumstances as those giving rise to Plaintiff's securities violations claims and the Federal Arbitration Act (FAA).

39. In addition, this Court has further jurisdiction pursuant to the Antiterrorism Act of 1992 (the "ATA"), section 2333(a) at 18 U.S.C. § 2331 et seq., which provides civil remedies for United States nationals injured in international terrorist attacks.

### Governing Law

40. The FAA provides for contract based compulsory and binding arbitration, resulting in an arbitration award. In an arbitration, the parties give up the right to an appeal on substantive grounds to a court. In this case, the Arbitration Court was in Sao Paulo, Brazil, under the Brazilian and FAA Laws. The case cannot be re-tried de novo.

41. As a garnishee, defendants are required by law to file answers to ALL the Interrogatories within ten (10) days after service of the writ, Title 16, Section 521(a), D.C. Code 1981 ed. The writ was served under Brazilian and FAA Law in Brazil. The Clerk of the Brazilian Court provided sworn testimony.

42. Pursuant to 18 U.S.C. § 2333(a) stated in the relevant part, accounts for money laundering with material support of terrorism are defined by United States laws in the form of financial services if . . . transferred significant sums of money to entities and  knowingly ... provided material support ... to a possible FTO (Foreign Terrorist Organization).



43.    Pursuant to <u>18 U.S.C. § 2333(a)</u>, defendants are civilly liable for damages for providing " material support and resources" in violation of § 2339B and providing or collecting funds " with the knowledge that such funds are to be used" to support terrorism (in violation of § 2339C).

Section 2333(a) states in the relevant part:

Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefore in any appropriate district court of the United States. Under Brazilian Law, the Plaintiff, Christopher Henry Raborg is described by his lower-caps name.

44. Pursuant to 15 U.S.C. § 78m, principals are required to maintain public filings and books and records for the benefit of investors that accurately and fairly reflect the transactions and dispositions of the assets of a financial institution and maintain financial records that conform with generally accepted accounting principles.

45. Pursuant to 15 U.S.C. § 78r (a),  any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person . . . that such statement was false or misleading.

46. Pursuant to 15 U.S.C. § 78t (a) and (b),  every person who, directly or indirectly, controls any person liable under any provision of this



chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable

Pursuant to 17 C.F.R. § 240.10b-5,  It shall be unlawful for any person

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

47. Pursuant to 18 U.S.C. § 1964 (c), stated in the relevant part. Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit. . .

Pursuant to 18 U.S.C. § 1962 (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

48. Pursuant to 18 U.S.C. § 1962 (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

49. Pursuant to the restatement (second) of TORTS § 876 (1979) may be premised upon a theory of civil "aiding and abetting" of a tort said to be created by the Anti-Terrorism Act.

50. Pursuant to Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, Sections 5(a) and (c) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and (c) and 77q(a); of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), criminal penalties may apply.

51. Pursuant to 18 U.S.C. § 2339B and § 2339C that are recognized as international terrorism under 18 U.S. criminal penalties and the implementing of regulations promulgated thereunder by the UNITED STATES DEPARTMENT OF THE TREASURY, FinCEN FINANCIAL CRIMES ENFORCEMENT NETWORK Report of Foreign Bank and The USA Patriot Act and other regulatory laws and treaties need to be reported by all licensed persons.

52. Pursuant to USA Constitution, Article 1, Section 10, Clause 1 "no state shall pass any law impairing the obligation of contracts".

53. Pursuant to Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, Defendants agreed in Brazilian Court and notarized contracts agreeing to violations of Sections 5(a) and (c) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and (c) and 77q(a); of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and of Rule 10b-5, 17 C.F.R. § 240.10b-5.

54. Pursuant to RICO: "To state a claim under civil RICO, Plaintiff pleads all seven elements: (1) that the defendants (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

55. Pursuant to RICO claims under § 1962(c) and § 1962(d). Subsection (c) states, in part: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

## COUNT I- SECURITIES VIOLATION

56. SECURITIES VIOLATION DESCRIBED AS FRAUD PROVEN IN BRAZILIAN COURT. Defendants unanimously admitted in court and by notarized contracts to the forgery of the Plaintiff's signature in order to fraudulently transfer the securities of the managing partner of a foreign financial institution, Christopher Henry Raborg and invest assets that were the result of money laundering for the purpose of underwriting a US$ 50 billion annual revenue corporation, TELEFONICA, on a New York and London stock exchange. Over 20 other transactions were executed successfully in worldwide markets after the Sovereign Nation Court proven date of the forgery of the signature.

57. The Brazilian Court Default Judgement and court decision in favor of Plaintiff in Brazil, a living, breathing, natural man, Christopher Henry Raborg and the Brazilian court certified evidence required a common law contract between Defendants and Plaintiff in agreement for BINDING ARBITRATION. The contracts were executed and notarized in USA and Brazil with notarized, wet ink signatures by the Plaintiff in both the United States and Brazil. The contracts were delivered by USPS with registered tracking numbers and sworn before a notary public by the Plaintiff.

58. The Brazilian Court decision published in the Official Brazilian Court newspaper on December 18, 2018 legally reinstated the Plaintiff, Christopher Henry Raborg, the living, breathing natural person into the original employment contract as a 25 percent partner of a Brazilian Court described as fraud in the factum, aforesaid fraud as described by the Brazilian Court was executed without the Plaintiff knowledge or presence in the Nation of Brazil. This reinstatement of the Plaintiff into the partnership was only into the fictitious corporation that executed the violations, held the liabilities and not in the firm that held the assets.

59. Securities Fraud was proven in a Brazilian Court under FAA law and thus, is not a de novo argument and is res judicata decided by the Brazilian Court. The Plaintiff, CHRISTOPHER HENRY RABORG TRUST pleads to recover the stolen property for the beneficiaries of the estate and collect taxes defrauded from the IRS. The Plaintiff informed the IRS and all parties of the securities violation and money laundering with sworn notarized contracts, delivered by USPS with tracking numbers.

60. The arbitration decision by the Brazilian Court was published in the Brazilian Court in Sao Paulo, Brazil, written and published Default Judgement as a fraud in the factum perpetrated by the Defendants. The Securities Exchange Act of 1934, require disclosure to security holders of corporate action which may affect them. Current reports must be filed with the SEC by an issuer of securities when substantial events occur. The proven sale of Plaintiff equity using a forged signature was never reported by the Defendants nor the lawsuit, nor the IRS liability. The Plaintiff, a partner with a material interest in a foreign financial institution did file IRS tax reports and reported the fraud.

61. Plaintiff claims violations of Sections 5(a) and (c) and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77e(a) and (c) and 77q(a); of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and of Rule 10b-5, 17 C.F.R. § 240.10b-5. If there is no remedy, the Plaintiff MUST seek a remedy and did place liens on the Defendants assets and informed the Brazilian authorities that the TELEFONICA merger and underwriting may be de listed by law, which is a significant risk to the United States financial systems. The lien has been registered in Delaware under UCC 1, 8, and 9 first to file rules.

62. Plaintiff has a valid legal claim in Brazil to 25% of all transactions after the date of the forgery of his signature and that initiated the TELEFONICA merger. The firm's charter gives the right of first refusal of the remaining 75 % of the stock sold after the forgery.

### Count II- VIOLATIONS AND VIOLATIONS IN THE INDUCEMENT

63. The private equity firm, called Antfactory is a foreign financial institution, that initiated all the transactions with the Plaintiff as the managing partner BEFORE THE SIGNATURE FORGERY. All transactions after the forgery of the Plaintiff's signature and transference of the Plaintiff's securities were decided by a Default Judgement in a Brazilian Court of Arbitration under Brazilian and FAA Laws in the Plaintiff's favor for the express purpose to enforce arbitration agreements under the Brazilian and Federal Arbitration Act (FAA).

64. **The money laundering and terrorism financing was related to the 9/11 attacks on the twin towers and agreed to as truth with multiple contracts, including the notarized contracts with all Defendants, the Nation of Brazil and the Brazilian court itself including USA government officials as fact witnesses.**

65. The unanimous decision by the Defendants not to contest Case No. 1003844-08.2018.8.26.0002. Court of Law, Foro Regional II — Santo Amaro Da Comarca De Sao Paulo / SP, Brazil is described by Brazilian and FAA law as ACCEPTANCE and contract law, confirmed and officially published in the court newspaper by the Brazilian Court.

66. The Default Judgement was registered, certified, properly served and published in the official court newspaper and website by Judge Fernando Henrique de Oliveira Biocati AND Judge Eduardo Palma Pellegrini on December 18, 2018. **The Brazilian Judges and the Nation of Brazil agreed by contract that the Plaintiff suffered obstruction of justice and his property was stolen.**

<u>**COUNT III- BREACH OF ARBITRATION CONTRACT**</u>

67. **Plaintiff has a contract with each of the defendants that admitted to securities fraud, money laundering, terrorism financing and tax evasion. Plaintiff prays the Court to regain the equity of the real firm as opposed to the fictitious firm that transferred the assets stolen from the Plaintiff with a forged signature.**

68. **The Default Judgement was judicially  certified by the Brazilian court, witnessed by a Military Officer with sworn testimony and all contracts were notarized in the USA and Brazil.**

69. In 2001, Defendants established two successor firms of a previously legally established Private Equity Investment fund in Sao Paulo, Brazil. One was the real successor fund, the other was a fiction. The successor firms established the names as variations of the original name in order to create an appearance that these were merely name changes of the legally registered original firm.



70. <u>The above referenced Brazilian Default Judgement in favor of the</u>
<u>Plaintiff claims that the private equity firm was in reality one firm,</u>
<u>not multiple fictional legal entities. The Brazilian court searched all</u>
<u>public records and issued newspaper notices. Process servers, the actual</u>
<u>Court Clerks were sent to each of the publicly advertised offices of the</u>
<u>fictional firms several times and entered sworn statements in the</u>
<u>Brazilian Court records that the firms no longer occupied the publicly</u>
<u>published offices, abandoned by the Defendants.</u>

71. The equity of the real firm, legal property of the Plaintiff, was
sold to the Defendants using a forged signature. The fictitious firm
violated multiple laws and treaties, as decided by the Brazilian Court.
There were several violations published by the Brazilian court,
including money laundering, terrorism financing and more frauds that are
further described and included in the evidence and contracts, all agreed
to and uncontested by the Defendants.

72. **PORTUGUESE TRANSLATION OF LAWSUIT DECIDED IN FAVOR OF PLAINTIFF:**

**Defendants have acted with malice, simulation or fraud against the**
**interests of its creditors, in this case the Plaintiff, Christopher**
**Henry Raborg. For deceitfulness, fraud or simulation as determined by**
**the proper CIGRÉ-Brazil's top management bodies or claimed in court**
**action. These actions have become an important and efficient**
**instrument to fight cross border fraud. The purpose of the Decision is**
**to counter fraud and any other illegal activities affecting the**
**Community's financial interests. Cases of evidenced willful**
**misconduct, bad faith, sham transactions, fraud or negligence in the**
**management of the fund. In case of a suspected fraud and where no**

payment of the public contribution has been made to the persons or other entities in the event of discovery of falsity, malice, simulation, fraud, essential error or, further, documents unknown at the time. In place to ensure that finances are properly accounted for and fraud and mismanagement treated with zero tolerance. Full cooperation with the European Anti-Fraud Office (OLAF), the EU's specialized body in combating fraud and corruption.

## COUNT IV - VIOLATION OF RICO

73. All Defendants received "RED FLAG" emails from Plaintiff in 2018, a securities licensed partner legally in charge of the foreign financial institution and the official red flag warnings were sent notarized to all Defendants and officers, received, answered by CANTOR FITZGERALD, the agent for the Defendants before the Brazilian lawsuit was filed.

74. The Defendants ACCEPTED the Brazilian Court legal subpoenas and newspaper publications and did not appear in Court to contest the evidence. The Court ruled that SILENCE is ACCEPTANCE and the Default Judgement was decided by the Brazilian court and published officially. Plaintiff, Christopher Henry Raborg, AT THE BRAZILIAN COURT OF ARBITRATION, was an original founding partner of the private equity fund/incubator, Antfactory and all successor names and legal entities with all variations of names and locations worldwide. The Plaintiff was the legal partner of the real firm, not the fictitious money laundering enterprise as described and decided in favor of the Plaintiff by the Brazilian Court.

## COUNT V-CONSPIRACY TO VIOLATE RICO

75. **Case No. 1003844-08.2018.8.26.0002. Court of Law, Foro Regional II — Santo Amaro Da Comarca De Sao Paulo / SP, Brazil decided the case in Plaintiff favor and published on December 18, 2018.**

76. One of several witnesses to the entire lawsuit is a retired Brazilian military officer who prepared a sworn notarized deposition in Brazil. A Brazilian Military officer that commits perjury loses his pension.

**The Brazilian Court evidence includes all the following:**

77. The forged signature that fraudulently sold the Plaintiff equity and Proof that Plaintiff was not in the country at the time the fraudulent forged signature was completed.

78. Incomplete corporate records in Brazilian corporate records register of companies, incomplete entries of the sale of Plaintiff equity.

79. The fictitious company charter to create a legal entity as a fiction is included in the Brazilian tax authorities' indictments that alleged the illegal wire transfer made from Brazil to Mexico.

80. THREE indictments of Brazilian tax evasion and pension fraud records and fraudulent payments by unknown companies used to simulate the fictional appearance that Plaintiff no longer was a partner of the firm.

81. The complete pension records of the Plaintiff that did not match the actual work papers used by Brazilian retirement and social security system, which is significant proof of violations of pension records.

82. The company charter that another fictional legal entity was established as a London office that transferred the equity of all fraudulent partners from one legal entity to a different legal entity in



London and money laundered funds were wired to an offshore tax haven.

83. The disappearance from the country of the firm and closed offices previously advertised to the public investor community. Payments of US$9 million EACH to three partners in return for those three partners to give up all their rights to the fraudulent equity. Fictional records created as meetings of shareholders that voted in agreement that Plaintiff had allegedly agreed to sell all his equity for zero.

84. The date of the fictional shareholders meeting minutes, which the Plaintiff was allegedly present was dated during the period when Citicorp was still a partner, and this fictional shareholder meeting was dated before the date Citigroup sold the Citicorp equity and wired the profits money to Mexico. Brazilian tax fraud indictments also stated these wire transfers as tax evasion in the public record of the aforementioned tax fraud indictments.

85. Once the new fictional entity was established and the Defendants were listed on the charter as new owners, a greater amount of funds were wired from Mexico back to Brazil as capital.

86. Further capital was added from an unknown source in the amount approximately of US$350 million. That capital was wired to the real fund, not the fictitious fund and included in Brazilian Court records and Brazilian tax evasion indictments.

87. **Evidence was also included in the court records that since this transaction was shortly after the 9/11 terrorist attack, that a press release stated this broker of record deal was an acquisition that benefited CANTER FITZGERALD and saved CANTER FITZGERALD from bankruptcy**



<u>after the 600+ employees died in the 9/11 attacks. Many CANTOR FITZGERALD employees jumped out of the twin towers offices to their deaths.</u>

88. Compliance at all Defendant firms or officers except Cantor Fitzgerald did not respond (Cantor Fitzgerald did respond) to such serious charges of fraud, money laundering and terrorism on a massive scale over a period of 15 years.

89. That silence by the Defendants was decided by the Brazilian court under Brazilian arbitration law and FAA Law, that SILENCE is ACCEPTANCE. The Brazilian law allows the party requesting the arbitration to select any association, any country, any state including outside Brazil with no restrictions. <u>The damages are contractually agreed UNDER COMMON LAW and IN EQUITY</u>.

### COUNT VI- UNJUST ENRECHMENT

90. The last transaction that was legal prior to the securities violation described by the Brazilian Court as a FRAUDULENT TRANSFER OF SECURITIES was the acquisition of a Brazilian cell phone company.

91. Many acquisitions after the Brazilian Court described FRAUD were included in the final merger now called TELEFONICA, exchange listed in New York and London.

92. According to the ACCEPTED and undisputed case evidence, Plaintiff has the legal right to exercise the option to acquire the right of first refusal of the remaining 75% equity at the nominal price

dated back to 2002 because Plaintiff is the only remaining legal partner since his shares were sold with a forgery of his signature.

93. The acquisition of Antfactory by CANTOR FITZGERALD was decided in Brazilian Court as a fraudulent transfer of securities owned by Plaintiff, Christopher Henry Raborg and the Defendant's SILENCE admitted to the unjust enrichment as a result of the work of the Plaintiff before the forgery.

### COUNT VII- TAX EVASION

94. The Plaintiff has the right to recover stolen property starting with a surety bond with criminal charges assessed served up to them by Notarial Process, bringing the offenders into Commercial Dishonor and extra-judicially forcing liquidation of assets since money laundering is funding terrorism. The defendants are in dishonor as TAX FUGITIVES.

95. The Plaintiff informed the IRS by notarized contract of the tax evasion and is attempting to collect the damages in order to settle the amount of taxes owed to the IRS. The Plaintiff has a notarized contract and filed tax returns with the IRS. However, it is not possible to collect the damages through the Brazilian Court, since the Defendants fled from Brazil.

### COUNT VIII- UNJUST TRANSFER

96. Every contract executed in violation of any provision of this Brazilian Court Default Judgement and Arbitration contract with all Defendants, the notarized copies to over 30 USA Government Officials, and every contract (including any contract for listing a

security on an exchange by the private equity firm, Antfactory, heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of any provision of Securities and Money Laundering Laws or any rule or regulation thereunder, should be void as per 15 U. S. C. § 78cc (b). The Plaintiff sent warning letters to raise red flags and these letters were ignored, which indicated the accomplices with whom these corporate officers associated in the larger scheme cannot shelter under an entrapment defense.

## STATUTE OF LIMITATIONS

97. Under the most commonly used anti-fraud provision of federal securities law, Section 10 (b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 sets the statute of limitations at TWO YEARS AFTER THE FRAUD HAS BEEN DISCOVERED AND NOT MORE THAN FIVE YEARS AFTER THE FRAUD HAS OCCURRED.

98. The Plaintiff, Christopher Henry Raborg, was not aware of the forgery of his signature since he occupied the official offices of the foreign financial institution located in Sao Paulo, Brazil and transacted business with many investors, who were also unaware of the fraud. Those offices were fictional.

99. It was the Brazilian Court of Arbitration that discovered the fraud during the court proceedings and the court needed to perform all the necessary due diligence before publishing the fraud and the discovery was not official until the Brazilian Court under the Brazilian and the FAA laws were DECIDED by the court. The date of discovery of the securities fraud was March 2019. The securities

fraud was communicated to the United States of America Court system BEFORE March 2021, within the statute of limitations 2-years.

100. The fraud OCURRED in December 2018 with the continuation of the defendants attempts to hide the facts and truth. There are 3 open cases of Brazilian TAX FRAUD related to the same securities fraud and the defendants made a payment to the tax authorities in December 2018 in an attempt to settle that securities fraud related tax liability in Brazil. That is an OCCURRENCE well within the five-year period **and the securities fraud is still ongoing since the Brazilian tax indictments are still open and ongoing.**

101. Another OCURRENCE within the five-year period was the recent discovery by the Plaintiff, Christopher Henry Raborg during the year 2020 when Christopher Henry Raborg discovered that his Brazilian pension, called INSS was altered illegally to reflect that Christopher Henry Raborg supposedly no longer had any ties to the foreign financial institution. Records at the Brazilian pension fund, the INSS, were falsely created that Christopher Henry Raborg worked for over 8 fictitious companies and the pension payments were actually made into the system. Christopher Henry Raborg never received the corresponding payroll deductions required by law since THERE WERE NO PAYROLL CONTRACTS. These pension fraud activities are still under investigation and is another example that the fraud is not only ongoing but also ON THE RECORD. The SECURITIES FRAUD OCCURRENCE IS ONGOING.

## STATEMENT OF TRUTH AND FACTS THAT IS UNCONTESTED PROOF OF 9/11 MONEY LAUNDERING, TAX EVASION AND SECURITIES FRAUD.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This is a

sworn verification of facts by the natural born, living, breathing Plaintiff in Brazil, Christopher Henry Raborg and the Trustee of CHRISTOPHER HENRY RABORG TRUST.

CHRISTOPHER HENRY RABORG TRUST and Christopher Henry Raborg **Appearing without an attorney (Pro Se) ("PLAINTIFF")** certifies as follows:

**SWORN TRANSLATION OF FINAL BRAZILIAN COURT DEFAULT JUDGEMENT PUBLISHED OFFICIALLY AS A SWORN STATEMENT BY THE JUDGE:**

Sworn Translation and Official Copies of Brazilian Court Official Newspaper Publication shown below in Portuguese of the Default Judgement and of Sworn Translation of Official Clerk of Court Delivery of Court Default Decision to a Representative of Defendants in Brazil is on the record.

| EDITAL DE CITAÇÃO |
|---|

Processo Digital nº:      **1003844-08.2018.8.26.0002**
Classe: Assunto:          **Procedimento Comum – Dissolução**
Requerente:               **Christopher Henry Raborg**
Requerido:                **AF Partners Ltda. e outro**

**EDITAL DE CITAÇÃO – PRAZO DE 20 DIAS.**
**PROCESSO Nº 1003844-08.2018.8.26.0002**

O(A) MM. Juiz(a) de Direito da 2ª VARA EMPRESARIAL E CONFLITOS DE ARBITRAGEM, do Foro Central Cível, Estado de São Paulo, Dr(a). Eduardo Palma Pellegrinelli, na forma da Lei, etc.

**FAZ SABER** a(o) **ANTFACTORY DO BRASIL LTDA.**, CNPJ 03.854.314/0001-40, com endereço à Avenida Paulista, 1499, 17º andar - sla. 40, Cerqueira Cesar, CEP 01311-928, São Paulo - SP, que lhe foi proposta uma ação de Procedimento Comum por parte de Christopher Henry Raborg, alegando em síntese ter sido inserido no quadro societário da ANTFACTORY DO BRASIL LTDA de forma fraudulenta, pleiteia pela declaração do reconhecimento da falsidade material praticada pelas requeridas. Encontrando-se o réu em lugar incerto e não sabido, foi determinada a sua **CITAÇÃO**, por EDITAL, para os atos e termos da ação proposta e para que, no prazo de 15 dias, que fluirá após o decurso do prazo do presente edital, apresente resposta. Não sendo contestada a ação, o réu será considerado revel, caso em que será nomeado curador especial. Será o presente edital, por extrato, afixado e publicado na forma da lei. **NADA MAIS.** Dado e passado nesta cidade de São Paulo, aos 11 de dezembro de 2018.

fls. 433

 **TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA EMPRESARIAL E CONFLITOS DE ARBITRAGEM
Praca Doutor Joao Mendes, S/N, ., Centro - CEP 01501-000, Fone: (11)
2171-6632, São Paulo-SP - E-mail: sp2vemp@tjsp.jus.br
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| DECISÃO |
|---|

Processo Digital nº:     **1003844-08.2018.8.26.0002**
Classe - Assunto          **Procedimento Comum Cível - Dissolução**
Requerente:               **Christopher Henry Raborg**
Requerido:                **AF Partners Ltda. e outro**

Prioridade Idoso

Juiz(a) de Direito: Dr(a). **Eduardo Palma Pellegrinelli**

Vistos.

Melhor analisando os autos e à luz dos documentos anexo a esta decisão, verifica-se que Dorival Dourado Júnior subscreveu os instrumentos de distrato das duas rés.

Outrossim, não há notícia de eventual liquidação.

Portanto, por ora, reputo válida a citação postal de fls. 336 (AF PARTNERS LTDA), eis re recebido pessoalmente por Dorival Dourado Júnior.

Entretanto, a carta de citação de fls. 335 foi recebida por pessoa diversa.

Dessa forma, determino a citação de ANTFACTORY DO BRASIL LTDA., na pessoa de Dorival Dourado Júnior, no endereço de fls. 336, por oficial de justiça.

Expeça-se o necessário.

Int.

São Paulo, 11 de março de 2019.

| DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA |
|---|

Este documento é cópia do original, assinado digitalmente por EDUARDO PALMA PELLEGRINELLI, liberado nos autos em 11/03/2019 às 16:19 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1003844-08.2018.8.26.0002 e código 6945F62.

The above official Brazilian Court documents were published in the official permanent record of the Brazilian Courts. These are permanent records that can never be removed. According to Brazilian Arbitration

Law and under the Federal Arbitration Act of the United States of America, the Default Judgement becomes final after the Brazilian Court final publication of the Default Judgement.

The notices according to Brazilian Law were sent to a Representative of the Defendants in Brazil and the President of Antfactory in London. The final notice was delivered by the Clerk of the Court December 2018 and the Brazilian Law allowed three months for the Defendants to respond to the allegations before the aforesaid allegations became final as CONTRACT ACCEPTANCE.

The Default Judgement was published and delivered to the Defendant representative, Dorival Dourado Junior in Sao Paulo, Brazil. Once the Default decision was published on March 11, 2019, it became a CONTRACTUAL AGREEMENT OF ARBITRATION, which was that the Plaintiff in Brazil, Christopher Henry Raborg would no longer require that the Defendants produce the financial statements and tax returns and settle for a one-time payment of Damages of US25,000,000,000 (twenty-five billion dollars) payable in gold bullion.

The agreement was confirmed by notarized contracts in the USA and Brazil.

**Following is the sworn translation of the Brazilian Court published newspaper Default Judgement and the Brazilian Clerk of the Court Sworn statement the decision that was delivered to the Defendants.**

**Newspaper Publication:**
**SUBPOENA PUBLICATION**

Digital Case number: 1003844-08.2018.8.26.0002
Class: Reference: Civil Proceeding — Dissolution
Plaintiff: Christopher Henry Raborg
Defendant: AF Partners Ltd. **and aliases**

SUBPOENA PUBLICATION  — RESPONSE PERIOD OF 20 DAYS
CASE # 1003844-08.2018.8.26.0002

The Judge of Law of the 2 nd. BUSINESS FORUM AND ARBITRATION CONFLICTS of the Central Forum of the State of Sao Paulo, Dr. Eduardo Palma Pellegrinelli, according to the law, etc.

MAKE KNOWN to ANTFACTORY DO BRASIL LTDA., tax ID 03.854.314/0001-40, with address at Paulista Avenue, 1499, 17 th. floor — Suite 40, Cerqueira Cesar, CEP 01311-928, Sao Paulo — SP, which was offered a proposal under a Civil Action by Christopher Henry Raborg, alleging in summarized form that he was inserted into the corporate charter of ANTFACTORY DO BRASIL, LTDA in a fraudulent manner, he offers you to make a declaration that recognizes the material falsification practiced by the Defendants. The Plaintiff finds himself in a situation uncertain and unknown , it was determined your SUBPOENA, by PUBLICATION, for the actions and terms of actions proposed in order that, within the period of 15 days, that initiates after the expiration of the present

publication, you present an answer. If the action is uncontested, the Plaintiff will be considered in favor of Default Judgement, legal term in Brazil is revel, in which case will be determined a special damages auditor. The present publication by publication will be established by law. NOTHING FURTHER. This takes place in the City of Sao Paulo on December 11, 2018.

JUSTICE TRIBUNAL OF THE STATE OF SAO PAULO
SAO PAULO FORUM
CENTRAL CIVIL FORUM
2 ND. BUSINESS VENUE AND ARBITRATION CONFLICTS
Doctor Joao Mendes Plaza, Center — CEP 01501-000,
Tel: (11) 2171-6632
Sao Paulo — SP E-mail sp2vemp@tjsp.jus.br
Hours open to the Public: from 12:30 to 19:00

DECISION

Digital Case #: 1003844-08.2018.826.0002
Class: Reference: Civil Proceeding — Dissolution
Plaintiff: Christopher Henry Raborg
Defendant: AF Partners Ltd. and aliases

Priority Older Person

Judge Dr. Eduardo Palma Pellegrinelli

The Following
After better analyzing the facts and in light of the documentation related to this decision, it was verified that Dorival Dourado Junior entered the documentation for dissolution of the two parties in the case.
**However, there is no proof of dissolution.**

Therefore, for now, it is considered valid the home address of Dorival Dourado Junior on evidence page 336 (AF PARTNERS LTDA), that Dorival Dourado Junior did receive personally.

However, the subpoena on page 335 of the evidence was received by a different person.

AS such, I determined  that the subpoena for ANTFACTORY DO BRASIL LTDA, in the person of Dorival Dourado Junior, did receive the subpoena at the address on page 336 of the evidence delivered by the Clerk of the Court.

Understand what is necessary.

**Sao Paulo, 11 of March 2019**

**SWORN EXPLANATION OF BRAZILIAN LAW**

A REVEL (Default Judgement) IS FINAL. IT IS A DEFAULT JUDGEMENT. The ARBITRATION COURT IS CIVIL, NOT CRIMINAL. THE JUDGE USED THE LEGAL

DESCRIPTION AS FRAUDULENT TRANSFER OF SHARES THAT DECIDES IN FAVOR OF PLAINTIFF ALLEGATION OF FORGERY OF HIS SIGNATURE. THIS COURT AFTER THE PUBLICATION NO LONGER HAD JURISDICTION SINCE THE MATTER WAS NOW CRIMINAL EXCEPT FOR THE CONTRACTUAL AGREEMENT OF THE DAMAGES. THE DAMAGES ARE NOT POSSIBLE TO COLLECT IN BRAZIL BECAUSE THE DEFENDANTS FLED THE COUNTRY AND NO LONGER OCCUPIED THE PUBLISHED OFFICES OF THE FINANCIAL INSTITUTION.

THE MATTER OF THE FRAUDULENT SALE OF STOCK USING A FORGERY OF THE PLAINTIFF SIGNATURE BECAME FINAL IN MARCH 2019. THAT IS THE OFFICIAL DATE OF DISCOVERY OF THE SECURITIES FRAUD, MARCH 2019.

INCLUDED IN THE EVIDENCE ARE SWORN STATEMENTS BY THE CLERK OF THE COURT THAT HE WAS UNABLE TO FIND ANY ADDRESSES OR ANY PERSONS AT THE PUBLISHED OFFICIAL ADDRESSES OF THE FINANCIAL INSTITUTION THAT EXECUTED THE FORGERY OF THE PLAINTIFF STOCK. THE JUDGE IS STATING THAT FINALLY, THE PRESIDENT OF THE LONDON FICTITIOUS LEGAL ENTITY WAS LOCATED AT HIS PERSONAL RESIDENCE AND HE RECEIVED THE SUBPOENA. IT IS A VERY SERIOUS VIOLATION OF ALL SECURITIES LAWS TO PUBLISH FICTITIOUS ADDRESSES OF A FINANCIAL INSTITUTION THAT SELLS INVESTMENTS TO THE GENERAL PUBLIC AND VIOLATES ANTI-MONEY LAUNDERING LAWS. THE PRIORITY OLDER PERSON DESCRIBES A CIVIL RIGHTS VIOLATION ACCORDING TO BRAZILIAN LAW.

**THE BRAZILIAN JUDGE CANNOT PROCEED ANY FURTHER IN BRAZIL BECAUSE THERE ARE TOO MANY FICTITIOUS NAMES FOR MULTIPLE LEGAL ENTITIES.**

THIS WAS A CIVIL ARBITRATION AGREEMENT PUBLISHED BY A SOVEREIGN NATION COURT UNDER BRAZIL AND FAA LAW. THE AGREEMENT WAS TO PAY THE DAMAGES AFTER DISCOVERY OF THE FRAUD OR PRODUCE THE FINANCIAL STATEMENTS AND TAX RETURNS.
ONCE THE CIVIL DAMAGES ARE SETTLED, TAXES PAID TO THE IRS, PROSECUTORS CAN DECIDE IF THE CRIMINAL COURT PROCEEDS WITH CRIMINAL PROSECUTION.

**Plaintiff, Christopher Henry Raborg, an American National, has the Constitutional right to recover his stolen property during a declared war on terrorism.**

Dated: May 5, 2021

Respectfully submitted,

/s/

**CHRISTOPHER HENRY RABORG TRUST**
Autograph, All rights reserved

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

**APPEARING WITHOUT AN ATTORNEY (Pro Se).**

**CHRISTOPHER HENRY RABORG TRUST**

**1191 E Newport Center Dr Ste. 103**

**Deerfield Beach, Florida 33442-7714**

**Tel: 561-288-0644**

**Email: raborg.ch@gmail.com**

Reconheço por semelhança a(s) firma(s) de, 01 firma de CHRISTOPHER HENRY RABORG, do documento seu valor econômico, do que dou fé. Em testemunho     da verdade.
Águas de São Pedro, 7 de maio de 2021
R$ 6,89
0009AA0027191 - FISW         MARTA FILIPPI FESSEL - Escrevente

Marta Filippi Fessel
Escrevente

OFICIAL DE REGISTRO CIVIL
ÁGUAS DE
SÃO PEDRO - SP
FIRMA 1
S10009AA0027191

## PRAYER FOR RELIEF UNDER COMMON and STATUTARY LAW and IN EQUITY

102. Wherefore, PLAINTIFFS pray for judgement against DEFENDANTS, and each of them, in favor of PLAINTIFFS as follows:

**On All Counts:**

1. For a pre-judgement order of attachment against the real and personal property of all variations of the names of all legal entities that may be found and attached to the extent of $25,000,000,000.00 (twenty-five billion dollars in gold bullion) payable to the TRUST as agreed by notarized contracts;

2. For rescission and restitution as a result of the unjust inducement;

3.  For compensatory damages according to proof;

4.  For punitive damages;

5.  For treble damages;

6.  For a constructive trust on all amounts transferred;

7.  For prejudgment interest;

8.  For costs of suit incurred herein;

9.  For reasonable attorneys' fees and court costs;

10. For such further relief as the Court deems just and proper.

**Served by FedEx via Postage Prepaid with 3-day delivery and respective tracking number. The complaint is submitted with 3 copies.**

<u>United States of America Address</u>

<u>FLORIDA (PERMANENT ADDRESS):</u>

<u>1191 E Newport Center DR. Ste. 103</u>
<u>Deerfield Beach, Florida 33442-7714</u>
<u>estate@christopher-henry-raborg.com</u>
<u>raborg.ch@gmail.com</u>
<u>561-288-0644 AND 55-19-9-9896-8488 (BRAZIL)</u>

<u>OKLAHOMA (moved):</u>
12929 E. 21ST. STREET, Ste. F3
TULSA, OK 74134.
Tel: 561-288-4789 changed to 561-288-0644.
raborg.ch@gmail.com

<u>Nation of Brazil Addresses:</u>

CHRISTOPHER HENRY RABORG TR, EIN # 35-7214725
R. Carlos dos Santos, 945.
Sao Paulo - SP, Brazil 02234-001.
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488
561-288-0644
raborg.ch@gmail.com Email was always used by both courts by court order to avoid the vagaries of the mail and to offer fairness to the party to the case.
     **COVID-19 TEMPORAY ADDRESS OF LIVING, BREATHING AMERICAN NATIONAL**

**Christopher Henry Raborg**
**R Joao Batista Azevedo, 257**
**Aguas de Sao Pedro, Sao Paulo, Brazil 13.525.000**
**Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488 (BRAZIL)**
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
**NOTE: Easily reached through the American Consulate, Sao Paulo, Brazil**

Dated: May 5, 2021

Respectfully submitted,

_____

**CHRISTOPHER HENRY RABORG TRUST**
Autograph, All rights reserved

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

APPEARING WITHOUT AN ATTORNEY (Pro Se).


**CHRISTOPHER HENRY RABORG TRUST**

**1191 E Newport Center Dr Ste. 103**

**Deerfield Beach, Florida 33442-7714**

**Tel: 561-288-0644**

**Email: raborg.ch@gmail.com**

Reconheço por semelhança a(s) firma(s) de, Oi firma de CHRISTOPHER HENRY RABORG, em documento sem valor econômico, do que dou fe. Em testemunho        de verdade. Águas de São Pedro, 7 de maio de 2021 R$ 6,09 _____ MARIA FILIPPI FESSEL - Escrevente 6009AA0027192 - FISV

Maria Filippi Fessel Escrevente

CIAL DE REGISTRO CIV ÁGUAS DE SP FIRMA 1 S10009AA0027192

**United States District Court for the
Southern District of New York**

**ATTACHMENT 1 - DEFENDANTS**

Date: May 5, 2021

<u>Reference:</u>

**CHRISTOPHER HENRY RABORG TRUST**

**v**

**CANTOR FITZGERALD FINANCIAL CORPORATION et al.**

**STATEMENT OF TRUTH AND FACTS**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This is a sworn verification of facts by the living, breathing natural person, Christopher Henry Raborg, the Trustee of <u>CHRISTOPHER HENRY RABORG TRUST</u> EIN # 35-7214725-appearing without an attorney (Pro Se).

**Sworn, Notarized Statement:**

SERVED BY: FedEx via Postage Prepaid with 3-day delivery and the respective tracking number. All court documents are sworn and notarized.

Below is the complete list of defendants, the only known principal place of business with a registered address and phone number. The defendants move constantly, and it is not possible to locate each corporate office and the location of the officers at any given time. The defendants have hundreds of offices all over the world.

Service of process is at the following address for CANTOR FITZGERALD, the Broker of Record. CANTOR FITZGERALD primary office is a Delaware corporation with its principal place of business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: 212-938-5000.

1. Defendant, CANTOR FITZGERALD FINANCIAL CORPORATION ("CANTOR FITZGERALD"), is a Delaware corporation with its principal place of



business at 1209 ORANGE ST, WILMINGTON, DE US 19801. Tel: 212-938-5000.

Defendant, J. H. WHITNEY & CO., INC. ("WHITNEY"), is a Delaware corporation with its principal place of business at 874 WALKER RD STE C, DOVER, DE US 19904. Tel: 203-716-6100.

3. Defendant, CVC CAPITAL PARTNERS (U.S.), INC. ("CVC"), is a Delaware corporation with its principal place of business at 251 LITTLE FALLS DRIVE, WILMINGTON, DE US 19808. Tel: 212-265-6222.

4. Defendant, ALLIANZ ASSET MANAGEMENT OF AMERICA HOLDINGS INC. ("ALLIANZ"), is a Delaware corporation with its principal place of business at 9 E. LOCKERMAN STREET SUITE 311, DOVER, DE US 19901. Tel: 866-884-3556.

5. Defendant, HOWARD W. LUTNICK, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

6- Defendant, ANSHU JAIN, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

7. Defendant, STEPHEN MERKEL, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

8. Defendant, STEVEN BISGAY, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

9. Defendant, ANGELO SOFOCLEOUS, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

10. Defendant, RUSSEL HALEY, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

11. Defendant, NICK TULLOCH, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

12. Defendant, CATHERINE LEFTLEY, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

13. Defendant, ANNIE MILLS, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

14. Defendant, KEVIN J. CURLEY, is an officer and controlling person at CANTOR FITZGERALD, service of process at the above address.

15. Defendant, DAVID J. ZATLUKAL, is an officer and controlling person at WHITNEY, service of process at the above address.

16. Defendant, STEVEN E. RODGERS, is an officer and controlling person at WHITNEY, service of process at the above address.

17. Defendant, PAUL R. VIGANO, is an officer and controlling person at WHITNEY, service of process at the above address.

18. Defendant, ROBERT M. WILLIAMS, JR., is an officer and controlling person at WHITNEY, service of process at the above address.

19. Defendant, ANN K. CHUN, is an officer and controlling person at WHITNEY, service of process at the above address.

20. Defendant, RAJU HUSSAIN, is an officer and controlling person at WHITNEY, service of process at the above address.

21. Defendant, LAUREN LIVINGSTON, is an officer and controlling person at CVC, service of process at the above address.

22. Defendant, CALUM CONWAY, is an officer and controlling person at CVC, service of process at the above address.

23. Defendant, MARC BOUGHTON, is an officer and controlling person at CVC, service of process at the above address.

24. Defendant, DAVID MACKENZIE, is an officer and controlling person at CVC, service of process at the above address.

25. Defendant, MICHAEL DIEKMANN, is an officer and controlling person at CVC, service of process at the above address.

26. Defendant, OLIVER BAITE, is an officer and controlling person at ALLIANZ, service of process at the above address.



27. Defendant, SERGIO BALBINOT, is an officer and controlling person at ALLIANZ, service of process at the above address.

28. Defendant, JACQUELINE HUNT, is an officer and controlling person at ALLIANZ, service of process at the above address.

29. Defendant, HELGA JUNG, is an officer and controlling person at ALLIANZ, service of process at the above address.

30. Defendant, CHRISTOF MASCHER, is an officer and controlling person at ALLIANZ, service of process at the above address.

31. Defendant, GUNTHER THALLINGER, is an officer and controlling person at ALLIANZ, service of process at the above address.

32. Defendant, AXEL THEIS, is an officer and controlling person at ALLIANZ, service of process at the above address.

33. Defendant, DIETER WEMMER, is an officer and controlling person at ALLIANZ, service of process at the above address.

34. Defendant, WERNER ZEDELIUS, is an officer and controlling person at ALLIANZ, service of process at the above address.

35. Defendant, DORIVAL DOURADO JUNIOR, is the President, Controlling Officer for Antfactory London and worldwide operations and partner of the fictitious entities that perpetrated the securities and other frauds, proven in Brazilian Court.

Dated: May 5, 2021

Respectfully submitted,

_____ /s/ _____

**CHRISTOPHER HENRY RABORG TRUST**
**Autograph, All rights reserved**
Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

APPEARING WITHOUT AN ATTORNEY (Pro Se).

CHRISTOPHER HENRY RABORG TRUST

1191 E Newport Center Dr Ste. 103

Deerfield Beach, Florida 33442-7714

Tel: 561-288-0644

Email: raborg.ch@gmail.com

<u>United States of America Address</u>

<u>FLORIDA (PERMANENT ADDRESS):</u>

<u>1191 E Newport Center DR. Ste. 103</u>
<u>Deerfield Beach, Florida 33442-7714</u>
<u>estate@christopher-henry-raborg.com</u>
<u>raborg.ch@gmail.com</u>
<u>561-288-0644 AND 55-19-9-9896-8488 (BRAZIL)</u>

<u>OKLAHOMA (moved):</u>

12929 E. 21ST. STREET, Ste. F3
TULSA, OK 74134.
Tel: 561-288-4789 changed to 561-288-0644.
<u>raborg.ch@gmail.com</u>

<u>Nation of Brazil Addresses:</u>

CHRISTOPHER HENRY RABORG TR, EIN # 35-7214725
R. Carlos dos Santos, 945.
Sao Paulo - SP, Brazil 02234-001.
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488
561-288-0644
<u>raborg.ch@gmail.com</u> Email was always used by both courts by court order
to avoid the vagaries of the mail and to offer fairness to the party to
the case.



COVID-19 TEMPORAY ADDRESS OF LIVING, BREATHING AMERICAN NATIONAL

Christopher Henry Raborg
R Joao Batista Azevedo, 257
Aguas de Sao Pedro, Sao Paulo, Brazil 13.525.000
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488 (BRAZIL)
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
NOTE: Easily reached through the American Consulate, Sao Paulo, Brazil


Dated: May 5, 2021

Respectfully submitted,

_____/s/_____

**CHRISTOPHER HENRY RABORG TRUST**
**Autograph, All rights reserved**

Christopher Henry Raborg, **Trustee of CHRISTOPHER HENRY RABORG TRUST**

**EIN # 35-7214725**

**APPEARING WITHOUT AN ATTORNEY (Pro Se).**


**CHRISTOPHER HENRY RABORG TRUST**

**1191 E Newport Center Dr Ste. 103**

**Deerfield Beach, Florida 33442-7714**

**Tel: 561-288-0644**

**Email: raborg.ch@gmail.com**

**United States District Court for the
Southern District of New York**

**Statement of Jurisdiction and Venue**

Date: May 5, 2021


**Reference:**

**CHRISTOPHER HENRY RABORG TRUST**

**v.**

**CANTOR FITZGERALD FINANCIAL CORPORATION et al.**

### STATEMENT OF TRUTH AND FACTS

I declare under penalty of perjury under the laws of the United States
of America that the foregoing is true and correct. This is a sworn
verification of facts by the living, breathing natural person,
Christopher Henry Raborg, the Trustee of CHRISTOPHER HENRY RABORG TRUST
EIN # 35-7214725 appearing without an attorney (Pro Se).


### Sworn, Notarized Statement:


SERVED BY: FedEx via Postage Prepaid with 3-day delivery and the
respective tracking number. All court documents are sworn and notarized.

### Basis for Jurisdiction is a Federal Question

#### SUMMARY

The U.S. District Court for the Southern District of New York long arm
jurisdiction over the common law claims IN EQUITY pursuant to 28 U.S.C.
§ 1367 because they arise out of the same facts and circumstances as
those giving rise to Plaintiff's securities violations claims and the
Federal Arbitration Act (FAA). In addition, the Court has further
jurisdiction pursuant to the Antiterrorism Act of 1992 (the "ATA"),
section 2333(a) at 18 U.S.C. § 2331 et seq., which provides civil
remedies for United States nationals injured in international terrorist
attacks.


In this civil law enforcement action, the court has jurisdiction under
Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities
Act"), 15 U.S.C. 77t(b) and 77v(a), and Sections 21(d), 21(e), and 27 of
the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78u(d),
78u(e), and 78aa.

In connection with the acts and omissions alleged in the District court
Case filed under 28 U.S.C. § 1331, a case arising under the United
States Constitution and federal laws and treaties is a federal question
case. The Court has jurisdiction over this matter pursuant to the
Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m,
78r and 78t and this Court has further jurisdiction over the matter

pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 78(a), et seq. and 18 U.S.C. § 1962/ commonly referred to as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the pendent jurisdiction of the Court. ~DE NO~addition, the Court has further jurisdiction pursuant to the Antiterrorism Act of 1992 (the "ATA"), section 2333(a) at 18 U.S.C. § 2331 et seq., which provides civil remedies for United States nationals injured in international terrorist attacks.

By the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.)(IEEPA), the National Emergencies Act (50 U.S.C. 1601 et seq.), the United Nations Participation Act of 1945 (22 U.S.C. 287c) (UNPA), and section 301 of title 3, United States Code; and in view of multiple United Nations Security Council resolutions, including Resolution 1373 of September 28, 2001, Resolution 1526 of January 30, 2004, Resolution 1988 of June 17, 2011, Resolution 1989 of June 17, 2011, Resolution 2253 of December 17, 2015, Resolution 2255 of December 21, 2015, Resolution 2368 of July 20, 2017, and Resolution 2462 of March 28, 2019, to further strengthen and consolidate sanctions to combat the continuing threat posed by international terrorism, and in order to take additional steps to deal with the national emergency declared in Executive Order 13224 of September 23, 2001, with respect to the continuing and immediate threat of grave acts of terrorism and threats of terrorism committed by foreign terrorists.

H.R. 1327, an Act to Permanently Authorize the September 11th Victim Compensation Fund Text of a Notice on the Continuation of the National Emergency with Respect to Persons Who Commit, Threaten to Commit, or Support Terrorism NATIONAL SECURITY & DEFENSE Issued on: September 19, 2019 On September 23, 2001, by Executive Order 13224, the President declared a national emergency with respect to persons who commit, threaten to commit, or support terrorism, pursuant to the International Emergency Economic Powers Act (50 U.S.C. 1701-1706) to deal with the unusual and extraordinary threat to the national security, foreign policy, and economy of the United States constituted by the grave acts of terrorism and threats of terrorism committed by foreign terrorists, including the terrorist attacks on September 11, 2001, in New York and Pennsylvania and against the Pentagon, and the continuing and immediate threat of further attacks against United States nationals or the United States.


## United States Arbitration Act


The United States Arbitration Act (Pub.L. 68—401, 43 Stat. 883, enacted February 12, 1925, codified at 9 U.S.C. ch. 1), more commonly referred

to as the Federal Arbitration Act or FAA, is an act of Congress that provides for judicial facilitation of private dispute resolution through arbitration. It applies in both state courts and federal courts, as was held constitutional in Southland Corp. v. Keating. It applies where the transaction contemplated by the parties "involves" interstate commerce and is predicated on an exercise of the Commerce Clause powers granted to Congress in the U.S. Constitution.

The FAA provides for contract based compulsory and binding arbitration, resulting in an arbitration award entered by an arbitrator or arbitration panel as opposed to a judgment entered by a court of law. In an arbitration, the parties give up the right to an appeal on substantive grounds to a court.

Once an award is entered by an arbitrator or arbitration panel, it must be "confirmed" in a court of law; and once confirmed, the award is reduced to an enforceable judgment, which may be enforced by the winning party in court, like any other judgment. Under the FAA, an award must be confirmed within one year, and any objection to an award must be challenged by the losing party within three months. An arbitration agreement may be entered "prospectively" (ie., in advance of any actual dispute), or may be entered into by the disputing parties once a dispute has arisen.

The Supreme Court ruled in Hall Street Associates, L.L.C. v. Mattel, Inc. that the grounds for judicial review specified in the FAA may not be expanded, even if the parties to the arbitration agreement agree to allow expanded review of the decision.

On June 20, 2013, the Court ruled in American Express Co. v. Italian Colors Restaurant that class action waivers contained in mandatory arbitration clauses were valid even if plaintiffs prove that it would not be economically practicable to maintain these actions individually.

In its decision on Epic Systems Corp. v. Lewis on May 21, 2018, the Supreme Court ruled that the FAA is not overridden by the protection of concerted activity established by the National Labor Relations Act of 1935, effectively making individual arbitration agreements in contracts wholly enforceable.

Within New Prime Inc. v. Oliveira, decided in January 2019, the Court decided unanimously that when contracts include mandatory arbitration clauses, employees still have the right to seek court oversight to determine if such employment falls within the exceptions outlined in §1 of the FAA related to employees involved in interstate commerce, and that these protections apply to both those classified as employees and as independent contractors.

Under the FAA, an award must be confirmed within one year, and any objection to an award must be challenged by the losing party within three months. An arbitration agreement may be entered "prospectively" (i.e., in advance of any actual dispute), or may be entered into by the disputing parties once a dispute has arisen.

The Supreme Court ruled in Hall Street Associates, L.L.C. v. Mattel, Inc. that the grounds for judicial review specified in the FAA may not be expanded, even if the parties to the arbitration agreement agree to allow expanded review of the decision.

On June 20, 2013, the Court ruled in American Express Co. v. Italian Colors Restaurant that class action waivers contained in mandatory arbitration clauses were valid even if plaintiffs prove that it would not be economically practicable to maintain these actions individually.

In its decision on Epic Systems Corp. v. Lewis on May 21, 2018, the Supreme Court ruled that the FAA is not overridden by the protection of concerted activity established by the National Labor Relations Act of 1935, effectively making individual arbitration agreements in contracts wholly enforceable.

Within New Prime Inc. v. Oliveira, decided in January 2019, the Court decided unanimously that when contracts include mandatory arbitration clauses, employees still have the right to seek court oversight to determine if such employment falls within the exceptions outlined in §1 of the FAA related to employees involved in interstate commerce, and that these protections apply to both those classified as employees and as independent contractors.


Section 2 of the FAA declares that arbitration provisions will be subject to invalidation only for the same grounds applicable to contractual provisions generally, such as unconscionability or duress. Consequently, most state law that disfavors the enforcement of arbitration agreements will be preempted by the FAA. State laws that govern the procedures of arbitration, but do not affect its enforcement, are outside the Act's preemptive scope.

Not all state laws regarding arbitration are preempted, for example:

• NASD rule 12204 of 1992 (now FINRA Rule 2268), which allows investor class actions to proceed in federal court nullifies arbitration agreements when class certification is sought, is not preempted.
• California H&SC 1363.1 is partially preempted.


However, a recent Financial Industry Regulatory Authority (FINRA) Office of Hearing Officers (OHO) decision in a disciplinary action against Charles Schwab & Co. questions the ability of a regulator to enforce

arbitration agreement restrictions such as NASD Rule 12204 (FINRA Rule 2268). The dispute arose when Charles Schwab & Co. revised its pre-dispute arbitration agreement to preclude a customer from participating in a class action against the firm, effectively removing the ability for a customer to have a claim heard in court. FINRA rules require arbitration through a FINRA arbitration panel, except in the case of class actions, which are reserved for the court system.

Specifically, the OHO Panel cited the Supreme Court decision in Shearson/American Express Inc. v. McMahon that securities law claims are no exception to the FAA's mandate that parties to an otherwise valid arbitration agreement submit the claim to arbitration. The OHO Panel also applied the Supreme Court decision in AT&T Mobility v. Concepcion where the Court established that class actions also are not an exception to the FAA, stating that a party to an arbitration agreement has no right to participate in a class action instead of an arbitration on an individual basis and that an exception to the FAA's mandate requires clear expression of Congressional intent. FINRA has appealed the OHO decision to the National Adjudicatory Council.

A number of Supreme Court cases have dealt with the preemption of state laws by the Federal Arbitration Act:

- Southland Corp. v. Keating, 465 U.S. 1 (1984) – Established the applicability of the FAA to contracts under state law.
- Perry v. Thomas, 482 U.S. 483 (1987)
- Shearson/American Express Inc. v. McMahon, 482 U.S. 220 (1987)
- Volt Info. Sciences, Inc. v. Stanford Univ., 489 U.S. 468 (1989)
- Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995)
- Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52 (1995)
- Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681 (1996)
- Buckeye Check Cashing Inc. v. Cardegna, 546 U.S. 440 (2006) – Arbitrators must first hear challenge to legality of contract.
- Preston v. Ferrer, 128 S.Ct. 978 (2008) – Act requires arbitration first even when state law provides for administrative dispute resolution
- AT&T Mobility v. Concepcion, no. 09-893, 563 U.S. (2011) – Despite California state law and lower court rulings that contracts barring class actions are unconscionable, the Court ruled 5-4 that consumers are bound by that aspect of arbitration clauses.
- Nitro-Lift Technologies v. Howard, no. 11-1377 (Nov. 26, 2012) – the issue of whether an agreement is valid as a matter of applicable state law is one for the arbitrator, not for the state courts.

The First Amendment to the Constitution protects five basic freedoms: freedom of religion, freedom of speech, freedom of the press, freedom of

assembly, and freedom to petition the government. These civil liberties are the cornerstone of our democracy.

The right to property is one of the most controversial human rights, both in terms of its existence and interpretation. The controversy about the definition of the right meant that it was not included in the International Covenant on Civil and Political Rights or the International Covenant on Economic, Social and Cultural Rights. Controversy centers upon who is deemed to have property rights protected (e.g. human beings or also corporations), the type of property which is protected (property used for the purpose of consumption or production) and the reasons for which property can be restricted (for instance, for regulations, taxation or nationalization in the public interest). In all human rights instruments, either implicit or express restrictions exist on the extent to which property is protected. Article 17 of the Universal Declaration of Human Rights (UDHR) enshrines the right to property as follows:

1- Everyone has the right to own property alone as well in association with others.
2- No one shall be arbitrarily deprived of his property.

**The object of the right to property as it is usually understood nowadays consists of property already owned or possessed, or of property acquired or to be acquired by a person through lawful means. Not in opposition but in contrast to this, some proposals also defend a universal right to private property, in the sense of a right of every person to effectively receive a certain amount of property, grounded in a claim to Earth's natural resources or other theories of justice. See also: <u>American Declaration of the Rights and Duties of Man</u> and <u>American Convention on Human Rights</u>**

When the text of the UDHR was negotiated, other states in the Americas argued that the right to property should be limited to the protection of private property necessary for subsistence. Their suggestion was opposed but was enshrined in the American Declaration of the Rights and Duties of Man which was negotiated at the same time and adopted one year before the UDHR in 1948. Article 23 of the declaration states:

Every Person has the right to own such private property as meets the essential needs of decent living and helps to maintain the dignity of the individual and of the home.

The definition of the right to property is heavily influenced by Western concepts of property rights, but because property rights vary considerably in different legal systems it has not been possible to establish international standards on property rights. The regional human

rights instruments of Europe, Africa and the Americas recognize the right to protection of property to varying degrees.

The American Convention on Human Rights (ACHR) recognizes the right to protection of property, including the right to "just compensation". The ACHR also prohibits usury and other exploitation, which is unique amongst human rights instruments. Article 21 of the ACHR states:

(1) Everyone has the right to the use and enjoyment of his property. The law may subordinate such use and enjoyment to the interest of society.
(2) No one shall be deprived of his property except upon payment of just compensation, for reasons of public utility or social interest, and in the cases and according to the forms established by law.

(3) Usury and any other form of exploitation of man by man shall be prohibited by law.


Securities fraud, also known as stock fraud and investment fraud, is a deceptive practice in the stock or commodities markets that induces investors to make purchase or sale decisions on the basis of false information, frequently resulting in losses, in violation of securities laws.

Securities fraud can also include outright theft from investors (embezzlement by stockbrokers), stock manipulation, misstatements on a public company's financial reports, and lying to corporate auditors. The term encompasses a wide range of other actions, including insider trading, front running and other illegal acts on the trading floor of a stock or commodity exchange. Corporate fraud.

## Corporate misconduct.


Fraud by high level corporate officials became a subject of wide national attention during the early 2000s, as exemplified by corporate officer misconduct at Enron. It became a problem of such scope that the Bush Administration announced what it described as an "aggressive agenda" against corporate fraud. Less widely publicized manifestations continue, such as the securities fraud conviction of Charles E. Johnson Jr., founder of PurchasePro in May 2008. Then-FBI Director Robert Mueller predicted in April 2008 that corporate fraud cases will increase because of the subprime mortgage crisis.

## Dummy corporations


Dummy corporations may be created by fraudsters to create the illusion of being an existing corporation with a similar name. Fraudsters then

sell securities in the dummy corporation by misleading the investor into
thinking that they are buying shares in the real corporation.

The Securities Investor Protection Corporation (SIPC) reports that
the Federal Trade Commission, FBI, and state securities regulators
estimate that investment fraud in the United States ranges from $10—$40
billion annually. Of that number, SIPC estimates that $1—3 Billion is
directly attributable to microcap stock fraud.[18] Fraudulent schemes
perpetrated in the securities and commodities markets can ultimately
have a devastating impact on the viability and operation of these
markets.

Some manifestations of this white collar crime have become more frequent
as the Internet gives criminals greater access to prey. The trading
volume in the United States securities and commodities markets, having
grown dramatically in the 1990s, has led to an increase in fraud and
misconduct by investors, executives, shareholders, and other market
participants.

Securities fraud is becoming more complex as the industry develops more
complicated investment vehicles. In addition, white collar criminals are
expanding the scope of their fraud and are looking outside the United
States for new markets, new investors, and banking secrecy havens to
hide unjust enrichment.

Military justice (or military law) is the body of laws and procedures
governing members of the armed forces. Many nation-states have separate
and distinct bodies of law that govern the conduct of members of their
armed forces. Some states use special judicial and other arrangements to
enforce those laws, while others use civilian judicial systems. Legal
issues unique to military justice include the preservation of good order
and discipline, the legality of orders, and appropriate conduct for
members of the military. Some states enable their military justice
systems to deal with civil offenses committed by their armed forces in
some circumstances.

Military justice is distinct from martial law, which is the imposition
of military authority on a civilian population as a substitute for civil
authority, and is often declared in times of emergency, war, or civil
unrest. Most countries restrict when and in what manner martial law may
be declared and enforced. The United States Constitution authorized the
creation of a system of military justice. Article I, Section 8 permits
the U.S. Congress to "make rules for the government and regulation of
the land and naval forces."[26] Congress issued these rules first in 1806
as the Articles of War. Military justice during the American Civil

War was governed by the 1863 Lieber Code. The Articles of War were superseded in 1951 by the Uniform Code of Military Justice (UCMJ).

The offenses covered by the UCMJ include those encompassed by "high crimes and misdemeanors" which covers officials generally, and includes perjury of oath, abuse of authority, bribery, intimidation, misuse of assets, failure to supervise, dereliction of duty, conduct unbecoming, and refusal to obey a lawful order. **It also includes ordinary crimes, but perhaps with different standards of proof and punishment than for civilians, on the grounds that more is expected of military personnel by their oaths of office. Many of the terms used date back to the era during which the code was written.**

**The actions of persons who commit, threaten to commit, or support terrorism continue to pose an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States.**

### Hague Convention:

- Hague Conventions of 1899 and 1907, among the first formal statements of the laws of war and war crimes in international law, signed July 1899 and October 1907
- International Opium Convention, the first international drug control treaty, sometimes referred to as the Hague Convention of 1912, signed January 1912
- League of Nations Codification Conference, 1930
- Convention on Certain Questions Relating to the Conflict of Nationality Laws, 1930
- Hague Convention for the Protection of Cultural Property in the Event of Armed Conflict, signed May 1954
- Conventions concluded in the framework of the Hague Conference on Private International Law
  - Hague Civil Procedure Convention (1954)
  - Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents (Apostille Convention), signed October 1961
  - Hague Service Convention, signed November 1965
  - Hague Evidence Convention, signed March 1970
  - Hague Convention on Foreign Judgments in Civil and Commercial Matters, signed February 1971
  - Hague Convention on the Law Applicable to Trusts and on their Recognition, signed July 1985
  - Hague Choice of Court Convention, signed in 2005
  - Hague Securities Convention, signed July 2006
  - Hague Maintenance Convention, signed in 2007

Dated: May 5, 2021

Respectfully submitted,

**CHRISTOPHER HENRY RABORG TRUST**

Autograph, All rights reserved

Christopher Henry Raborg, Trustee of **CHRISTOPHER HENRY RABORG TRUST**

EIN # 35-7214725

APPEARING WITHOUT AN ATTORNEY (Pro Se).


**CHRISTOPHER HENRY RABORG TRUST**

1191 E Newport Center Dr Ste. 103

Deerfield Beach, Florida 33442-7714

Tel: 561-288-0644

Email: raborg.ch@gmail.com

## United States of America Address

FLORIDA (PERMANENT ADDRESS):

1191 E Newport Center DR. Ste. 103
Deerfield Beach, Florida 33442-7714
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
561-288-0644 AND 55-19-9-9896-8488 (BRAZIL)

OKLAHOMA (moved):

12929 E. 21ST. STREET, Ste. F3
TULSA, OK 74134.
Tel: 561-288-4789 changed to 561-288-0644.
raborg.ch@gmail.com

Nation of Brazil Addresses:

CHRISTOPHER HENRY RABORG TR, EIN # 35-7214725
R. Carlos dos Santos, 945.
Sao Paulo - SP, Brazil 02234-001.
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488
561-288-0644
raborg.ch@gmail.com Email was always used by both courts by court order
to avoid the vagaries of the mail and to offer fairness to the party to
the case.

COVID-19 TEMPORAY ADDRESS OF LIVING, BREATHING AMERICAN NATIONAL

Christopher Henry Raborg
R Joao Batista Azevedo, 257
Aguas de Sao Pedro, Sao Paulo, Brazil 13.525.000
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488 (BRAZIL)
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
NOTE: Easily reached through the American Consulate, Sao Paulo, Brazil

Dated: May 5, 2021

Respectfully submitted,

/s/

**CHRISTOPHER HENRY RABORG TRUST**
**Autograph, All rights reserved**

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

**APPEARING WITHOUT AN ATTORNEY (Pro Se).**

**CHRISTOPHER HENRY RABORG TRUST**

**1191 E Newport Center Dr Ste. 103**

**Deerfield Beach, Florida 33442-7714**

**Tel: 561-288-0644**

**Email: raborg.ch@gmail.com**

Reconheco por semelhança a(s) firma(s) de, 01 firma de CHRISTOPHER
HENRY RABORG, do documento sem valor econômico, do que dou fe. Em
testemunho          da verdade.
Aguas de Sao Pedro, 7 de maio de 2021                    3703/30-6
R$ 6,89
0009AA0027218 - F15V           MARTA FILIPPI FESSEL - Escrevente

Marta Filippi Fessel
Escrevente

DE REGISTRO

117556
FIRMA
S1000AA0027218

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### STATEMENT OF TRUTH AND FACTS

I declare under penalty of perjury under the laws of the United States
of America that the foregoing is true and correct. This is a sworn
verification of facts by the living, breathing natural person,
Christopher Henry Raborg, the Trustee of CHRISTOPHER HENRY RABORG TRUST
EIN # 35-7214725 - Appearing without an attorney (Pro Se).

**Sworn, Notarized Statement:**

SERVED BY: FedEx via Postage Prepaid with 3-day delivery and the
respective tracking number. All court documents are sworn and notarized.

## ATTACHMENT A PROOF OF ARBITRATION AGREEMENT IN BRAZIL UNDER BRAZILIAN AND FAA LAWS

### NO JURY TRIAL DEMANDED

Civil Nature of Suit Code Descriptions: 896, 850, 470

---

**CHRISTOPHER HENRY RABORG TRUST**

Plaintiff,

v

**CANTOR FITZGERALD FINANCIAL CORPORATION**
Chief Compliance Officer, et al.,

Defendants.

---

Civil Docket for Case #:

To be determined

COMPLAINT FOR:

1. Securities Violation;
2. Violations & Violation
in the Inducement;
3. Breach of Arbitration
Contract;
4. Violation of RICO;
5. Conspiracy to Violate
RICO;
6. Unjust Enrichment;
7. Tax Evasion;
8. Unjust Transfer



## ATTACHMENT A

## PROOF OF ARBITRATION AGREEMENT IN BRAZIL UNDER BRAZILIAN AND FAA LAWS

Sworn Translation and Official Copies of Brazilian Court Official Newspaper Publication of Default Judgement and of Sworn Translation of Official Clerk of Court Delivery of Court Default Decision to Representative of Defendants in Brazil

STATEMENT OF TRUTH AND FACTS, BRAZILIAN COURT PUBLISHED:

| EDITAL DE CITAÇÃO |
|---|

| | |
|---|---|
| Processo Digital nº: | **1003844-08.2018.8.26.0002** |
| Classe: Assunto: | **Procedimento Comum - Dissolução** |
| Requerente: | **Christopher Henry Raborg** |
| Requerido: | **AF Partners Ltda. e outro** |

**EDITAL DE CITAÇÃO - PRAZO DE 20 DIAS.**
**PROCESSO Nº 1003844-08.2018.8.26.0002**

O(A) MM. Juiz(a) de Direito da 2ª VARA EMPRESARIAL E CONFLITOS DE ARBITRAGEM, do Foro Central Cível, Estado de São Paulo, Dr(a). Eduardo Palma Pellegrinelli, na forma da Lei, etc.

**FAZ SABER** a(o) **ANTFACTORY DO BRASIL LTDA.**, CNPJ 03.854.314/0001-40, com endereço à Avenida Paulista, 1499, 17º andar - sla. 40, Cerqueira Cesar, CEP 01311-928, São Paulo - SP, que lhe foi proposta uma ação de Procedimento Comum por parte de Christopher Henry Raborg, alegando em síntese ter sido inserido no quadro societário da ANTFACTORY DO BRASIL LTDA de forma fraudulenta, pleiteia pela declaração do reconhecimento da falsidade material praticada pelas requeridas. Encontrando-se o réu em lugar incerto e não sabido, foi determinada a sua **CITAÇÃO**, por EDITAL, para os atos e termos da ação proposta e para que, no prazo de 15 dias, que fluirá após o decurso do prazo do presente edital, apresente resposta. Não sendo contestada a ação, o réu será considerado revel, caso em que será nomeado curador especial. Será o presente edital, por extrato, afixado e publicado na forma da lei. **NADA MAIS**. Dado e passado nesta cidade de São Paulo, aos 11 de dezembro de 2018.

fls. 433

 

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA EMPRESARIAL E CONFLITOS DE ARBITRAGEM
Praça Doutor Joao Mendes, S/N, ., Centro - CEP 01501-000, Fone: (11)
2171-6632, São Paulo-SP - E-mail: sp2vemp@tjsp.jus.br
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| DECISÃO |
|---|

Processo Digital nº:    **1003844-08.2018.8.26.0002**
Classe - Assunto      **Procedimento Comum Cível - Dissolução**
Requerente:           **Christopher Henry Raborg**
Requerido:            **AF Partners Ltda. e outro**

Prioridade Idoso

Juiz(a) de Direito: Dr(a). **Eduardo Palma Pellegrinelli**

Vistos.

Melhor analisando os autos e à luz dos documentos anexo a esta decisão, verifica-se que Dorival Dourado Júnior subscreveu os instrumentos de distrato das duas rés.

Outrossim, não há notícia de eventual liquidação.

Portanto, por ora, reputo válida a citação postal de fls. 336 (AF PARTNERS LTDA), eis re recebido pessoalmente por Dorival Dourado Júnior.

Entretanto, a carta de citação de fls. 335 foi recebida por pessoa diversa.

Dessa forma, determino a citação de ANTFACTORY DO BRASIL LTDA., na pessoa de Dorival Dourado Júnior, no endereço de fls. 336, por oficial de justiça.

Expeça-se o necessário.

Int.

São Paulo, 11 de março de 2019.

| DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA |
|---|

Este documento é cópia do original, assinado digitalmente por EDUARDO PALMA PELLEGRINELLI, liberado nos autos em 11/03/2019 às 16:19 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1003844-08.2018.8.26.0002 e código 6945F62.

The above official Brazilian Court documents were published in the official permanent record of the Brazilian Courts. These are permanent records that can never be removed. According to Brazilian Arbitration Law and under the Federal Arbitration Act of the United States of America, the Default Judgement becomes final after the Brazilian Court final publication of the Default Judgement.

The notices according to Brazilian Law were sent to the Representative of the Defendants in Brazil and the President of Antfactory in London. The final notice was delivered by the Clerk of the Court on December 18, 2018 and the Brazilian Law allowed almost three months for the Defendants to respond to the allegations before the aforesaid allegations became final as CONTRACT ACCEPTANCE.

The Default Judgement was published and delivered to the Defendant representative, Dorival Dourado Junior on March 11, 2019. Once the Default decision was published, it became a CONTRACTUAL AGREEMENT, which was that the Plaintiff, Christopher Henry Raborg would no longer require that the Defendants produce the financial statements and tax returns and settle for a one-time payment of Damages of US25,000,000,000 (twenty-five billion dollars) payable in gold bullion.

The agreement was confirmed by notarized contracts in the USA and Brazil.

**If the agreement is in Default, the Plaintiff will file criminal charges and require de listing of the stocks that were underwritten based on a forgery of Plaintiff signature. The Complaint in the U.S. Federal District Court for the District of Columbia is the Plaintiff demand for justice. Plaintiff believes this is overwhelming evidence that merits a Summary Judgement. However, if the Court requires more evidence, Plaintiff is prepared to file another Motion for a Subpoena Duces Tecum and a 30 (b) (6) Deposition demanding all the Defendants financial statements.**

Such Deposition would be a public requirement to disclose this Brazilian Court described fraud in the factum and de list a US$50 billion annual revenue corporation on New York and London stock exchanges, which is a serious risk to the credibility of the global stock markets, which is the reason Plaintiff avoided this to date.

**Following is the sworn translation of the Brazilian Court published newspaper Default Judgement and the Brazilian Clerk of the Court Sworn statement the decision that was delivered to the Defendants.**

**Newspaper Publication:**
**SUBPOENA PUBLICATION**

Digital Case number: 1003844-08.2018.8.26.0002
Class: Reference: Civil Proceeding — Dissolution
Plaintiff: Christopher Henry Raborg
Defendant: AF Partners Ltd. and aliases

SUBPOENA PUBLICATION  - RESPONSE PERIOD OF 20 DAYS
CASE # 1003844-08.2018.8.26.0002

The Judge of Law of the 2 nd. BUSINESS FORUM AND ARBITRATION CONFLICTS of the Central Forum of the State of Sao Paulo, Dr. Eduardo Palma Pellegrinelli, according to the law, etc.

MAKE KNOWN to ANTFACTORY DO BRASIL LTDA., tax ID 03.854.314/0001-40, with address at Paulista Avenue, 1499, 17 th. floor — Suite 40, Cerqueira Cesar, CEP 01311-928, Sao Paulo — SP, which was offered a proposal under a Civil Action by Christopher Henry Raborg, alleging in summarized form that he was inserted into the corporate charter of ANTFACTORY DO BRASIL, LTDA in a fraudulent manner, he offers you to make a declaration that recognizes the material falsification practiced by the Defendants. The Plaintiff finds himself in a situation uncertain and unknown , it was determined your SUBPOENA, by PUBLICATION, for the actions and terms of actions proposed in order that, within the period of 15 days, that initiates after the expiration of the present publication, you present an answer. If the action is uncontested, the Plaintiff will be considered in favor of Default Judgement, legal term in Brazil is revel, in which case will be determined a special damages auditor. The present publication by publication will be established by law. NOTHING FURTHER. This takes place in the City of Sao Paulo on December 11, 2018.

## SWORN EXPLANATION OF BRAZILIAN LAW

A REVEL IS FINAL. IT IS A DEFAULT JUDGEMENT. The ARBITRATION COURT IS CIVIL, NOT CRIMINAL. THE JUDGE USED THE LEGAL DESCRIPTION AS FRAUDULENT TRANSFER OF SHARES THAT DECIDES IN FAVOR OF PLAINTIFF ALLEGATION OF FORGERY OF HIS SIGNATURE. THIS COURT AFTER THE PUBLICATION NO LONGER HAD JURISDICTION SINCE THE MATTER WAS NOW CRIMINAL EXCEPT FOR THE CONTRACTUAL AGREEMENT OF THE DAMAGES. THE DAMAGES ARE NOT POSSIBLE TO COLLECT IN BRAZIL BECAUSE THE DEFENDANTS FLED THE COUNTRY AND NO LONGER OCCUPIED THE PUBLISHED OFFICES OF THE FINANCIAL INSTITUTION.

THE MATTER OF THE FRAUDULENT SALE OF STOCK USING A FORGERY OF THE PLAINTIFF SIGNATURE BECAME FINAL IN MARCH 2019. THAT IS THE OFFICIAL DATE OF DISCOVERY OF THE SECURITIES FRAUD, MARCH 2019.

SWORN TRANSLATION OF FINAL BRAZILIAN COURT DEFAULT JUDGEMENT PUBLISHED OFFICIALLY AS A SWORN STATEMENT BY THE JUDGE:

JUSTICE TRIBUNAL OF THE STATE OF SAO PAULO
SAO PAULO FORUM
CENTRAL CIVIL FORUM
2 ND. BUSINESS VENUE AND ARBITRATION CONFLICTS
Doctor Joao Mendes Plaza, Center — CEP 01501-000,
Tel: (11) 2171-6632
Sao Paulo — SP E-mail sp2vemp@tjsp.jus.br
Hours open to the Public: from 12:30 to 19:00


DECISION

Digital Case #: 1003844-08.2018.826.0002
Class: Reference: Civil Proceeding — Dissolution
Plaintiff: Christopher Henry Raborg
Defendant: AF Partners Ltd. and aliases

Priority Older Person

Judge Dr. Eduardo Palma Pellegrinelli

The Following
After better analyzing the facts and in light of the documentation
related to this decision, it was verified that Dorival Dourado Junior
entered the documentation for dissolution of the two parties in the
case.
However, there is no proof of dissolution.

Therefore, for now, it is considered valid the home address of Dorival
Dourado Junior on evidence page 336 (AF PARTNERS LTDA), that Dorival
Dourado Junior did receive personally.

However, the subpoena on page 335 of the evidence was received by a
different person.

AS such, I determined  that the subpoena for ANTFACTORY DO BRASIL LTDA,
in the person of Dorival Dourado Junior, did receive the subpoena at the
address on page 336 of the evidence delivered by the Clerk of the Court.

Understand what is necessary.

Sao Paulo, 11 of March 2019

**SWORN EXPLANATION OF BRAZILIAN LAW**

INCLUDED IN THE EVIDENCE ARE SWORN STATEMENTS BY THE CLERK OF THE COURT
THAT HE WAS UNABLE TO FIND ANY ADDRESSES OR ANY PERSONS AT THE PUBLISHED
OFFICIAL ADDRESSES OF THE FINANCIAL INSTITUTION THAT EXECUTED THE
FORGERY OF THE PLAINTIFF STOCK. THE JUDGE IS STATING THAT FINALLY, THE
PRESIDENT OF THE LONDON FICTITIOUS LEGAL ENTITY WAS LOCATED AT HIS
PERSONAL RESIDENCE BUT HE RECEIVED THE SUBPOENA UNDER A DIFFERENT
FICTITIOUS CORPORATE NAME. IT IS A VERY SERIOUS VIOLATION OF ALL
SECURITIES LAWS TO PUBLISH DIFFERENT ADDRESSES OF A FINANCIAL
INSTITUTION THAT SELLS INVESTMENTS TO THE GENERAL PUBLIC AND VIOLATES
ANTI-MONEY LAUNDERING LAWS.


**THE BRAZILIAN JUDGE CANNOT PROCEED ANY FURTHER IN BRAZIL BECAUSE THERE
ARE TOO MANY FICTITIOUS NAMES FOR MULTIPLE LEGAL ENTITIES.**


THIS WAS A CIVIL ARBITRATION AGREEMENT PUBLISHED BY A SOVEREIGN NATION
COURT UNDER INTERNATIONAL ARBITRATION LAW. THE AGREEMENT WAS TO PAY THE
DAMAGES AFTER DISCOVERY OF THE FRAUD OR PRODUCE THE FINANCIAL STATEMENTS
AND TAX RETURNS.
ONCE THE CIVIL DAMAGES ARE SETTLED, TAXES PAID TO THE IRS, PROSECUTORS
CAN DECIDE IF THE CRIMINAL COURT PROCEEDS WITH CRIMINAL PROSECUTION.

Plaintiff also has the right to recover his stolen property during a
declared war on terrorism.

Dated: May 5, 2021

Respectfully submitted,

/s/

CHRISTOPHER HENRY RABORG TRUST
Autograph, All rights reserved

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

APPEARING WITHOUT AN ATTORNEY (Pro Se).

CHRISTOPHER HENRY RABORG TRUST

1191 E Newport Center Dr Ste. 103

Deerfield Beach, Florida 33442-7714

Tel: 561-288-0644

Email: raborg.ch@gmail.com

## United States of America Address

FLORIDA (PERMANENT ADDRESS):

1191 E Newport Center DR. Ste. 103
Deerfield Beach, Florida 33442-7714
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
561-288-0644 AND 55-19-9-9896-8488 (BRAZIL)

OKLAHOMA (moved):

12929 E. 21ST. STREET, Ste. F3
TULSA, OK 74134.
Tel: 561-288-4789 changed to 561-288-0644.
raborg.ch@gmail.com

Nation of Brazil Addresses:

CHRISTOPHER HENRY RABORG TR, EIN # 35-7214725
R. Carlos dos Santos, 945.
Sao Paulo - SP, Brazil 02234-001.
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488
561-288-0644
raborg.ch@gmail.com Email was always used by both courts by court order
to avoid the vagaries of the mail and to offer fairness to the party to
the case.

      COVID-19 TEMPORAY ADDRESS OF LIVING, BREATHING AMERICAN NATIONAL

Christopher Henry Raborg
R Joao Batista Azevedo, 257
Aguas de Sao Pedro, Sao Paulo, Brazil 13.525.000
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488 (BRAZIL)
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
NOTE: Easily reached through the American Consulate, Sao Paulo, Brazil


Dated: May 5, 2021

Respectfully submitted,


_____/s/_____

CHRISTOPHER HENRY RABORG TRUST
Autograph, All rights reserved

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

APPEARING WITHOUT AN ATTORNEY (Pro Se).


CHRISTOPHER HENRY RABORG TRUST

1191 E Newport Center Dr Ste. 103

Deerfield Beach, Florida 33442-7714

Tel: 561-288-0644

Email: raborg.ch@gmail.com

**United States District Court for the Southern District of New York**

**Related Case Statement**

Date: May 5, 2021

Reference:

**CHRISTOPHER HENRY RABORG TRUST**

**v.**

**CANTOR FITZGERALD FINANCIAL CORPORATION et al.**

### STATEMENT OF TRUTH AND FACTS

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This is a sworn verification of facts by the living, breathing natural person, Christopher Henry Raborg, the Trustee of CHRISTOPHER HENRY RABORG TRUST EIN # 35-7214725 appearing without an attorney (Pro Se).

In the Matter of CHRISTOPHER HENRY RABORG TRUST v. CANTOR FITZGERALD FINANCIAL CORPORATION et al., the Pro Se attorney-in-fact states that this Related Case Statement substitutes the Statement of Relatedness form (form IH-32) and is submitted at the time of filing.

### Sworn, Notarized Statement:

SERVED BY: FedEx via Postage Prepaid with 3-day delivery and the respective tracking number. All court documents are sworn and notarized.

**Full Captions of Later Filed Cases: NONE**

**Full Captions of Earlier Filed Cases:**

**Case 1**

**Case No. 1003844-08.2018.8.26.0002. Court of Law, Foro Regional II —**

**Santo Amaro Da Comarca De Sao Paulo / SP, Brazil.**

**Status of Earlier Filed Case 1:**

Case 1 is Open and below is the procedural status and summary of Brazilian court rulings. The related Brazilian court case, an Arbitration Default Judgement under Brazilian and USA Federal Arbitration Law (FAA) was decided in Plaintiff favor during March 2019.

On the date of discovery by the court, the Brazilian arbitration court under the Federal Arbitration Act published the Default Judgement officially on the record and described fraud in the factum as a "FRAUDULENT TRANSFER OF SECURITIES". The aforementioned Default

Judgement and related arbitration contracts was decided in the Plaintiff favor, Christopher Henry Raborg, the natural, living, breathing person by the Brazilian Court of Arbitration.

NOTAS

As per Brazilian law, the Plaintive is described by the lower-case name. The Default Judgement was published as a sworn affidavit by the Judge and Clerk of the sovereign nation Arbitration Court, not at war and which is in the public domain:

**Below, is the sworn translation of the Official Brazilian Court newspaper publication and also sworn by the judges and Clerk of the Brazilian Court of the arbitration Default Judgement.**

**Plaintiff, CHRISTOPHER HENRY RABORG TRUST AND Christopher Henry Raborg declare under penalty of perjury under the laws of the United States of America that the foregoing translation is true and correct. This is a sworn verification of facts.**

Sworn Translation and Official Copies of Brazilian Court Official Newspaper Publication of Default Judgement and of Sworn Translation of Official Clerk of Court Delivery of Court Default Decision to Representative of Defendants in Brazil.

**STATEMENT OF TRUTH AND FACTS, BRAZILIAN COURT PUBLISHED TRANSLATION:**

KNOW ALL MEN AND WOMEN BY THESE PRESENTS, that I, Me, My, Myself, Christopher Henry Raborg, a natural living, breathing, sentient serene man on the land being of sound mind and FIRST BEING DULY SWORN, willfully and voluntarily deposes and says, and as ACTUAL CONSTRUCTIVE or ADMINISTRATIVE NOTICE:

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
(Applicable to all Successors and Assigns) RESPONDEAT SUPERIOR

Dated: May 5, 2021

Respectfully submitted,

/s/

CHRISTOPHER HENRY RABORG TRUST
Autograph, All rights reserved

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

APPEARING WITHOUT AN ATTORNEY (Pro Se).

**ORIGINAL PUBLISHED IN PORTUGUESE**

## EDITAL DE CITAÇÃO

Processo Digital nº:     **1003844-08.2018.8.26.0002**
Classe: Assunto:         **Procedimento Comum - Dissolução**
Requerente:              **Christopher Henry Raborg**
Requerido:               **AF Partners Ltda. e outro**

**EDITAL DE CITAÇÃO - PRAZO DE 20 DIAS.**
**PROCESSO Nº 1003844-08.2018.8.26.0002**

O(A) MM. Juiz(a) de Direito da 2ª VARA EMPRESARIAL E CONFLITOS DE ARBITRAGEM, do Foro Central Cível, Estado de São Paulo, Dr(a). Eduardo Palma Pellegrinelli, na forma da Lei, etc.

**FAZ SABER** a(o) **ANTFACTORY DO BRASIL LTDA.**, CNPJ 03.854.314/0001-40, com endereço à Avenida Paulista, 1499, 17º andar - sla. 40, Cerqueira Cesar, CEP 01311-928, São Paulo - SP, que lhe foi proposta uma ação de Procedimento Comum por parte de Christopher Henry Raborg, alegando em síntese ter sido inserido no quadro societário da ANTFACTORY DO BRASIL LTDA de forma fraudulenta, pleiteia pela declaração do reconhecimento da falsidade material praticada pelas requeridas. Encontrando-se o réu em lugar incerto e não sabido, foi determinada a sua **CITAÇÃO**, por **EDITAL**, para os atos e termos da ação proposta e para que, no prazo de 15 dias, que fluirá após o decurso do prazo do presente edital, apresente resposta. Não sendo contestada a ação, o réu será considerado revel, caso em que será nomeado curador especial. Será o presente edital, por extrato, afixado e publicado na forma da lei. **NADA MAIS**. Dado e passado nesta cidade de São Paulo, aos 11 de dezembro de 2018.

fls. 433



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA EMPRESARIAL E CONFLITOS DE ARBITRAGEM
Praca Doutor Joao Mendes, S/N, ., Centro - CEP 01501-000, Fone: (11)
2171-6632, São Paulo-SP - E-mail: sp2vemp@tjsp.jus.br
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| DECISÃO |
|---|

Processo Digital nº:      **1003844-08.2018.8.26.0002**
Classe - Assunto          **Procedimento Comum Cível - Dissolução**
Requerente:               **Christopher Henry Raborg**
Requerido:                **AF Partners Ltda. e outro**

Prioridade Idoso

Juiz(a) de Direito: Dr(a). **Eduardo Palma Pellegrinelli**

Vistos.

Melhor analisando os autos e à luz dos documentos anexo a esta decisão, verifica-se que Dorival Dourado Júnior subscreveu os instrumentos de distrato das duas rés.

Outrossim, não há notícia de eventual liquidação.

Portanto, por ora, reputo válida a citação postal de fls. 336 (AF PARTNERS LTDA), eis re recebido pessoalmente por Dorival Dourado Júnior.

Entretanto, a carta de citação de fls. 335 foi recebida por pessoa diversa.

Dessa forma, determino a citação de ANTFACTORY DO BRASIL LTDA., na pessoa de Dorival Dourado Júnior, no endereço de fls. 336, por oficial de justiça.

Expeça-se o necessário.

Int.

São Paulo, 11 de março de 2019.

| DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA |
|---|

Este documento é cópia do original, assinado digitalmente por EDUARDO PALMA PELLEGRINELLI, liberado nos autos em 11/03/2019 às 16:19. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1003844-08.2018.8.26.0002 e código 6945F62.

Following is the sworn translation of the Brazilian newspaper Court published Default Judgement and subpoenas that were hand delivered to the defendants by the Clerk of the Brazilian Court.

**Newspaper Publication:**
**SUBPOENA PUBLICATION**

**Digital Case number: 1003844-08.2018.8.26.0002**
**Class: Reference: Civil Proceeding — Dissolution**
**Plaintiff: Christopher Henry Raborg**
**Defendant: AF Partners Ltd. and aliases**

SUBPOENA PUBLICATION  - RESPONSE PERIOD OF 20 DAYS
CASE # 1003844-08.2018.8.26.0002

The Judge of Law of the 2 nd. BUSINESS FORUM AND ARBITRATION CONFLICTS of the Central Forum of the State of Sao Paulo, Dr. Eduardo Palma Pellegrinelli, according to the law, etc.

MAKE KNOWN to ANTFACTORY DO BRASIL LTDA., tax ID 03.854.314/0001-40, with address at Paulista Avenue, 1499, 17 th. floor — Suite 40, Cerqueira Cesar, CEP 01311-928, Sao Paulo — SP, which was offered a proposal under a Civil Action by Christopher Henry Raborg, alleging in summarized form that he was inserted into the corporate charter of ANTFACTORY DO BRASIL, LTDA in a fraudulent manner, he offers you to make a declaration that recognizes the material falsification practiced by the Defendants. The Plaintiff finds himself in a situation uncertain and unknown , it was determined your SUBPOENA, by PUBLICATION, for the actions and terms of actions proposed in order that, within the period of 15 days, that initiates after the expiration of the present publication, you present an answer. If the action is uncontested, the Plaintiff will be considered in favor of Default Judgement, legal term in Brazil is revel, in which case will be determined a special damages auditor. The present publication by publication will be established by law. NOTHING FURTHER. This takes place in the City of Sao Paulo on December 11, 2018.

**DECISION**

**Digital Case #: 1003844-08.2018.826.0002**
**Class: Reference: Civil Proceeding — Dissolution**
**Plaintiff: Christopher Henry Raborg**
**Defendant: AF Partners Ltd. and aliases**

**Priority Older Person**

**Judge Dr. Eduardo Palma Pellegrinelli**

The Following
After better analyzing the facts and in light of the documentation related to this decision, it was verified that Dorival Dourado Junior entered the documentation for dissolution of the two parties in the case.

However, there is no proof of dissolution.

Therefore, for now, it is considered valid the home address of Dorival Dourado Junior on evidence page 336 (AF PARTNERS LTDA), that Dorival Dourado Junior did receive personally.

However, the subpoena on page 335 of the evidence was received by a different person.

AS such, I determined  that the subpoena for ANTFACTORY DO BRASIL LTDA, in the person of Dorival Dourado Junior, did receive the subpoena at the address on page 336 of the evidence delivered by the Clerk of the Court.

Understand what is necessary.

Sao Paulo, 11 of March 2019

Dated: May 5, 2021

Respectfully submitted,

CHRISTOPHER HENRY RABORG TRUST
Autograph, All rights reserved

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

APPEARING WITHOUT AN ATTORNEY (Pro Se).

**Explain in detail the reasons for the Plaintiff position that the newly filed case is related to the earlier filed Case 1 above.**

The above official Brazilian Court documents were published in the official permanent record of the Brazilian Courts. These are permanent records that can never be removed. According to Brazilian Arbitration Law and under the Federal Arbitration Act of the United States of America, the Default Judgement becomes final three months after the Brazilian Court final publication of the Default Judgement.
Thus, the Brazilian Court Default Judgement became final during March 2019.

The subpoena notices were sent according to Brazilian Law to the Representative of the Defendants in Brazil and the President of Antfactory in London. Antfactory was one of the OTHRS (COURT DESCRIPTION) and ALIASES the defendants used, and the frauds were discovered during the arbitration proceedings.

The final notice was delivered by the Clerk of the Court on December 18, 2018 and the Brazilian Law allowed almost three months for the Defendants to respond to the allegations before the aforesaid

allegations became final as CONTRACT ACCEPTANCE and uncontested 9/11 related money laundering.

The Default Judgement was published and delivered to the Defendant representative, Dorival Dourado Junior and became a Default Judgement during March 2019. Once the Default decision was published, it became a CONTRACTUAL AGREEMENT at the Brazilian Court of Arbitration. The arbitration contracts were unanimously agreed by all defendants.

The arbitration contracts agreed  that the Plaintiff, Christopher Henry Raborg, would no longer require that the Defendants produce the financial statements and tax returns and settle for a one-time payment of Damages of US25,000,000,000 (twenty-five billion dollars) payable in gold bullion.

The contracts and arbitration agreement was confirmed and notarized in the USA and Brazil. The Brazilian Court of Arbitration operated under the Federal Arbitration Act and treaties between the United States of America and Brazil. The Brazilian arbitration court evidence stated that the defendants fled the country and the Clerk of the Court issued on the record a sworn statement that defendants could not be located at the foreign financial services corporate offices that were officially published, previously occupied and visited often by investors. The vacant offices were used and understood by Brazilian INVESTORS as the financial services corporation headquarters. The offices were abandoned without notifying the investors.

The Brazilian court of arbitration and sworn statement by the Clerk of the Court stated that it was not possible to locate any of the defendants at the offices. The entire court proceedings was witnessed by a military officer and other fact witnesses.

### SWORN EXPLANATION OF BRAZILIAN LAW

**A REVEL IS FINAL. IT IS A DEFAULT JUDGEMENT. The ARBITRATION COURT IS CIVIL, NOT CRIMINAL. THE JUDGE USED THE LEGAL DESCRIPTION AS FRAUDULENT TRANSFER OF SECURITIES THAT DECIDED IN FAVOR OF PLAINTIFF ALLEGATION OF FORGERY OF HIS SIGNATURE. THE FORGERY STOLE THE PLAINTIFF PROPERTY. THIS COURT AFTER THE PUBLICATION NO LONGER HAD JURISDICTION SINCE THE MATTER WAS NOW CRIMINAL EXCEPT FOR THE CONTRACTUAL ARBITRATION AGREEMENT OF THE DAMAGES. THE DAMAGES ARE NOT POSSIBLE TO COLLECT IN BRAZIL BECAUSE THE DEFENDANTS FLED THE COUNTRY AND NO LONGER OCCUPIED THE PUBLISHED OFFICES OF THE FINANCIAL INSTITUTION.**

**THE MATTER OF THE FRAUDULENT SALE OF SECURITIES USING A FORGERY OF THE PLAINTIFF SIGNATURE BECAME FINAL IN MARCH 2019. THAT IS THE OFFICIAL DATE OF DISCOVERY OF THE SECURITIES FRAUD, MARCH 2019.**

### THE SWORN TRANSLATION OF FINAL BRAZILIAN COURT DEFAULT JUDGEMENT PUBLISHED OFFICIALLY AS A SWORN STATEMENT BY THE JUDGE:

**JUSTICE TRIBUNAL OF THE STATE OF SAO PAULO**
**SAO PAULO FORUM**
**CENTRAL CIVIL FORUM**
**2 ND. BUSINESS VENUE AND ARBITRATION CONFLICTS**



Doctor Joao Mendes Plaza, Center — CEP 01501-000,
Tel: (11) 2171-6632
Sao Paulo — SP E-mail sp2vemp@tjsp.jus.br
Hours open to the Public: from 12:30 to 19:00


**Case 2**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**Case 1:20-cv-00176-UNA RABORG TR v. CANTOR FITZGERALD FINANCIAL CORPORATION et al**

**Status of Earlier Filed Case 2:**


The Complaint filed in the U.S. Federal District Court for the District of Columbia is the Plaintiff demand for justice. Plaintiff believes the Default Judgement of the Brazilian Court of Arbitration and the notarized contracts is overwhelming evidence that merits a Summary Judgement.

The Plaintiff also filed a Motion for a Subpoena Duces Tecum and a 30 (b)(6) Deposition demanding all the Defendants financial statements.

Such Deposition would be a public requirement to disclose this Brazilian Court described fraud in the factum and de list a US$50 billion annual revenue corporation on the New York and London stock exchanges.

**The UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA admitted and uncontested multiple errors described in writing. For instance, the judge confused a NOTICE OF APPEAL and referred to the NOTICE OF APPEAL as a Second Amended Complaint. The judge dismissed the case in error, and upon receiving the notarized NOTICE OF APPEAL by FedEx 3-day delivery ON TIME, the court reversed the decision and GRANTED THE APPEAL.**


**Explain in detail the reasons for the Plaintiff position that the newly filed case 2 is related to the earlier filed Case 1 above.**

Since the Brazilian courts are unable to provide for justice to an American National since the defendants fled the country, the plaintiff filed 3 related cases in the United States. Two related cases are CIVIL, and one case is CRIMINAL. The criminal case may require de listing from the New York and London stock exchanges and are a serious risk to the United States financial systems. The Brazilian court evidence of over 400 pages remain by law in the public domain and prove in Brazil that stocks were underwritten in New York and London based on a forgery of the Plaintiff signature.

**THE BRAZILIAN JUDGE CANNOT PROCEED ANY FURTHER IN BRAZIL BECAUSE THERE ARE TOO MANY FICTITIOUS NAMES FOR MULTIPLE LEGAL ENTITIES AND THE DEFENDANTS FLED THE COUNTRY OF BRAZIL AND SET UP ALIASES.**

THIS WAS A CIVIL ARBITRATION AGREEMENT PUBLISHED BY A SOVEREIGN NATION COURT NOT AT WAR WITH THE USA AND UNDER INTERNATIONAL ARBITRATION LAW AND TREATIES, INCLUDING THE FEDERAL ARBITRATION ACT. THE ARBITRATION CONTRACTS ARE TO REDEEM DAMAGES in COMMON LAW and IN EQUITY AFTER DISCOVERY OF THE FRAUD. SINCE THE ARBITRATION CONTRACT WAS NOT HONORED IN BRAZIL, PLAINTIFF WILL REQUIRE TO PRODUCE THE FINANCIAL STATEMENTS AND TAX RETURNS UNDER COMMON LAW IN EQUITY in the United States, under the long arm of the U.S. District Court for the Southern District of New York.


PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO RECOVER IN STATUTORY and IN EQUITY THE CIVIL DAMAGES. THERE IS A CONTRACT OBLIGATION WITH THE IRS TO PAY THE TAXES DEFRAUDED FROM THE IRS. THE CASE 2 IS RELATED TO CASE 1 IN ORDER TO COLLECT DAMAGES OF STOLEN PROPERTY WITH PROVEN OWNERSHIP OF THE PLAINTIFF BASED ON THE EVIDENCE AT THE COURT OF CASE 1. THE EVIDENCE IS THE ARBITRATION CONTRACTS AND PROVEN FORGERY OF THE PLAINTIFF SIGNATURE. ONCE DAMAGES ARE SETTLED IN EQUITY AND TAXES PAID TO THE IRS, PROSECUTORS AT DOJ CAN DECIDE IF THE CRIMINAL COURT PROCEEDS WITH CRIMINAL PROSECUTION.

Plaintiff also has the CONSTITUTIONAL RIGHT IN EQUITY to REDEEM the REMEDY, to recover his stolen property during a declared war on terrorism and to pay the taxes due to the IRS.

**The Arbitration contracts proven in CASE 1 contain the evidence needed by CASE 2.**

### Case 3

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 20-7068

Christopher Henry Raborg

Appellant

v.

CANTOR FITZGERALD FINANCIAL CORPORATION
Chief Compliance Officer, et al.

Appellees

Civil Docket for Case #:
USCA No. 20-7068

BEFORE

Tatel and Millett, Circuit Judges,
and Sentelle, Senior Circuit Judge

COMPLAINT FOR:

1. Securities Violation;
2. Violations & Violations in the Inducement;
3. Breach of Arbitration Contract;
4. Violation of RICO;
5. Conspiracy to Violate RICO;
6. Unjust Enrichment;
7. Tax Evasion;
8. Unjust Transfer

<u>Status of Earlier Filed Case 3:</u>

The case appears to have been dismissed since the Appellant did not receive the court orders for counter argument before the expiration of the deadline to respond to the court. The Appellant had previously received emails instead of correspondence sent by regular mail.

The Appellant, Christopher Henry Raborg had sent a NOTICE to the court that he is under quarantine and located in Brazil, subjected to the vagaries of the mail. The NOTICE is a TEMPORAY ADDRESS OF THE LIVING, BREATHING AMERICAN NATIONAL IN BRAZIL.

Since the Appellant did not receive the mail that was forwarded to Brazil, before the deadline to respond, Christopher Henry Raborg was unable to meet the deadline.

<u>Explain in detail the reasons for the Plaintiff position that the newly filed Case 3 is related to the earlier filed Case 2 above.</u>

Case 3 was an APPEAL, and the APPEAL is related to the admitted errors on the record by the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA Case 1:20-cv-00176-UNA RABORG TR v. CANTOR FITZGERALD FINANCIAL CORPORATION et al. Initially on the docket, the district court used the Plaintiff name in lower-case.

The on the record errors of the district court are described and related on the record of the appeal. One important error was the district court grant of forma pauperis, and later reversal of the grant of forma pauperis. The Motion for forma pauperis was filed de novo with ALL REQUIRED FORMS to the circuit court since the circuit court denied forma pauperis due to the Appellant respectfully requesting the circuit court to HOLD THE CHECK attached using borrowed money because it was unlikely that the circuit court would decide before the deadline to dismiss the case.

That is one reason why the newly filed Case 3 is related to Case 2 and that requires the below sworn affidavit under penalty of perjury. Please see below.

KNOW ALL MEN AND WOMEN BY THESE PRESENTS, that I, Me, My, Myself, Christopher Henry Raborg, a natural living, breathing, sentient serene man on the land being of sound mind and FIRST BEING DULY SWORN,

willfully and voluntarily deposes and says, and as ACTUAL CONSTRUCTIVE
or ADMINISTRATIVE NOTICE:

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
(Applicable to all Successors and Assigns) RESPONDEAT SUPERIOR

AFFIDAVIT OF TRUTH AND OBLIGATION TO INFORM THE COURT THAT THE APPELANT
EXPLICITLY WROTE ON THE COVER LETTER and CIRCUIT COURT ORDERED DOCUMENTS
PREVIOUSLY SENT REGARDING USCA No. 20-7068. THE CHECK ATTACHED TO THE
COVER LETTER THAT WAS INCLUDED ON TIME with the MOTION FOR APPEAL IN
FORMA PAUPERIS, INTENT WAS TO HOLD THE CHECK IN CASE OF NO DECISION BY
THE NOVEMBER 30, 2020 DEADLINE And that BECAME A FACT. THERE WAS NO
DECISION BY NOVEMBER 30, 2020.

Another important reason why Case 3, the Appeal, is related to Case 2 is
the following.

1- Christopher Henry Raborg, the Plaintiff at the district court
   argues that he was entitled to a summary judgement with respect to
   his claim to redeem the stolen property and the language of the
   complaint did exist in the default judgement and arbitration
   contracts under the Federal Arbitration Act which the Default
   Judgement evidence of the Sovereign nation court described the
   signature forgery as 9/11 money laundering, financing terrorism and
   FRAUDULENT TRANSFER OF SECURITIES. The Plaintiff, Christopher Henry
   Raborg at the sovereign nation court, the district initial
   complaint, the district court first amended complaint reduced by
   court order unfairly to only 20 pages DID ARGUE AND DID CONVEY HIS
   RIGHT TO REDEEM IN EQUITY HIS PROPERTY AND RELATED TAXES OWED TO
   THE IRS BY CONTRACT. THE LANGUAGE USED WAS BROAD ENOUGH TO CONVEY
   Christopher Henry Raborg STATUTORY and IN EQUITY OF HIS REDEMPTION
   which does exist to him.
2- Specifically, Christopher Henry Raborg complaint never changed from
   the initial complaint on official district court forms his
   statutory right of redemption IN EQUITY AND ALL OTHER RIGHTS, TITLE
   AND INTEREST TO THE PROPERTY. THE LANGUAGE WAS BROAD ENOUGH TO
   ENCOMPASS Christopher Henry Raborg common law IN EQUITY OF
   REDEMPTION and his obligation to collect IRS taxes owed as
   evidenced by contracts with the IRS.
3- Christopher Henry Raborg ARGUES THAT HE HAS THE RIGHT TO COMMON LAW
   and STATUTORY AND IN EQUITY OF REDEMPTION AND STATUTORY RIGHT OF
   REDEMPTION.
4- Christopher Henry Raborg argues that the district and circuit court
   prevented the Plaintiff at the district court to execute his duties
   by IRS contract based on the Tax Injunction Act of 1937 (the Act),
   28 U.S.C. 1341. The Act states that the district courts shall not
   enjoin, suspend or restrain the assessment, levy or collection of
   any tax where a plain, speedy and efficient decision may be had.
   The plain, speedy and efficient remedy is the sovereign nation
   court of Arbitration Default Judgement, contracts with the IRS and
   all defendants and fact witnesses, notarized in two countries, USA
   and Brazil. The district and circuit court did enjoin, suspend and
   restrain the collection of taxes where the plain, speedy and
   efficient remedy was the arbitration agreements and contracts,

treaty under the Federal Arbitration Act and does not allow for a trial de novo. Christopher Henry Raborg retains his right to justice and the collection of his COMMON LAW AND STATUTORY remedy IN EQUITY, his obligation to pay taxes AND REDEMPTION IN EQUITY under common law.

## Case 4 CRIMINAL COMPLAINT

UNITED STATES DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

Date:

March 12, 2021

Attention:

Merrick Garland previously sent to Bill Barr.

CRIMINAL COMPLAINT FOR:

1. Securities Violation;
2. Violations & Violations in the Inducement;
3. Breach of Arbitration Contract;
4. Violation of RICO;
5. Conspiracy to Violate RICO;
6. Unjust Enrichment;
7. Tax Evasion;
8. Unjust Transfer

## Status of Earlier Filed Case 4:

**UNKNOWN**

## Explain in detail the reasons for the Plaintiff position that the newly filed Case 4 is related to the earlier filed Cases 1, 2 and 3 above.

Since this is a sovereign nation not at war court AND proven Default Judgement with over 600 pages of evidence and over 30 contracts uncontested by the defendants, the DOJ will be able to prove and follow the money trail. There are over 60 notarized contracts in two countries on the permanent record, including contracts with the Brazilian Minister of Justice, the Brazilian Ambassador in Washington, D.C., The Provost Marshal General, over 30 Senators and Congress as fact witnesses and the contracts include the respective OFFICES.

The Honorable Merrick Garland was the Chief Judge during the proceedings at the circuit court.

All the evidence and contracts are on the record at each of the above courts.

There is more detail presented in the COMPLAINT.

Dated: May 5, 2021

Respectfully submitted,

_____
/s/

**CHRISTOPHER HENRY RABORG TRUST**
**Autograph, All rights reserved**

Christopher Henry Raborg, Trustee of **CHRISTOPHER HENRY RABORG TRUST**

EIN # 35-7214725

APPEARING WITHOUT AN ATTORNEY (Pro Se).

**CHRISTOPHER HENRY RABORG TRUST**

**1191 E Newport Center Dr Ste. 103**

**Deerfield Beach, Florida 33442-7714**

**Tel: 561-288-0644**

Email: raborg.ch@gmail.com


United States of America Address

FLORIDA (PERMANENT ADDRESS):

1191 E Newport Center DR. Ste. 103
Deerfield Beach, Florida 33442-7714
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
561-288-0644 AND 55-19-9-9896-8488 (BRAZIL)

OKLAHOMA (moved):

12929 E. 21ST. STREET, Ste. F3
TULSA, OK 74134.
Tel: 561-288-4789 changed to 561-288-0644.
raborg.ch@gmail.com

Nation of Brazil Addresses:

CHRISTOPHER HENRY RABORG TR, EIN # 35-7214725
R. Carlos dos Santos, 945.
Sao Paulo - SP, Brazil 02234-001.
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488
561-288-0644
raborg.ch@gmail.com Email was always used by both courts by court order
to avoid the vagaries of the mail and to offer fairness to the party to
the case.

COVID-19 TEMPORAY ADDRESS OF LIVING, BREATHING AMERICAN NATIONAL

Christopher Henry Raborg
R Joao Batista Azevedo, 257
Aguas de Sao Pedro, Sao Paulo, Brazil 13.525.000
Tel: 55-19-9-2002-1099 & 55-19-9-9896-8488 (BRAZIL)
estate@christopher-henry-raborg.com
raborg.ch@gmail.com
NOTE: Easily reached through the American Consulate, Sao Paulo, Brazil


Dated: May 5, 2021

Respectfully submitted,

_____ /s/ _____

**CHRISTOPHER HENRY RABORG TRUST**
**Autograph, All rights reserved**

Christopher Henry Raborg, Trustee of CHRISTOPHER HENRY RABORG TRUST

EIN # 35-7214725

**APPEARING WITHOUT AN ATTORNEY (Pro Se).**


**CHRISTOPHER HENRY RABORG TRUST**

**1191 E Newport Center Dr Ste. 103**

**Deerfield Beach, Florida 33442-7714**

**Tel: 561-288-0644**

**Email: raborg.ch@gmail.com**

Reconheco por semelhança a(s) firma(s) de, 01 firma de CHRISTOPHER
HENRY RABORG, (s) documento sem valor econômico, do que dou fé. Em
testemunho        da verdade.
Aguas de Sao Pedro, 7 de maio de 2021        3663/101-6
R$ 4,89
0009AA0027190 - FISV        MARIA FILIPPI FESSEL - Escrevente

Marta Filippi Fessel
Escrevente

OFICIAL DE REGISTRO CIVIL
AGUAS DE SAO PEDRO - SP

117655
FIRMA 1
S10009AA0027190

**FedEx Express** — **International Air Waybill**

For FedEx services worldwide. Packages up to 68 kg, excluding dangerous goods.
Not all services and options are available to all destinations.

**1  From**

Date: 05/10/21
Sender's FedEx Account Number: 708 256 838

Sender's Name: CHRISTOPHER RABONG   Phone: 19-2202-1091

Company:

Address: RU AMICA 0 VENDO 197

Address: APTO 06

City: AGUAS DA PRATA   State/Province: SP

Country: BRAZIL   ZIP/Postal Code: 13905-000

Email Address: VRBONGICH@GMAIL.COM

Sender's Tax ID for Customs Purposes: 216.455.218-38

Internal Billing Reference:

**2  To**

Recipient's Name: 1ST DIST CT SDNY   ☐ 28 Residential Delivery   Phone: 212-805-018

Company: PRO SE INTAKE UNIT

Address: 500 PEARL STREET   Dept/Floor:

Address:

City: NEW YORK   State/Province: NY

Country: USA   ZIP/Postal Code: 10007

Email Address:

Recipient's Tax ID Number for Customs Purposes:

**3  Shipment Information**

Total Packages (Shipper's Load and Count/SLAC):
Total Weight: 0.5 kg
DIM: / / cm

| Commodity Description | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| DOCUMENTS | | | |

Total Declared Value for Carriage (Specify Currency):

Total Value for Customs (Specify Currency):

2021 MAY 14 PM 2:33
RECEIVED
SDNY PRO SE OFFICE

PACKAGE LABEL
COMMERCIAL INVOICE LABEL   810439607770
DELIVERY RECORD LABEL   810439607770
DELIVERY RECEIPT LABEL   810439607770