UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HENRY RABORG, TRUST,

                Plaintiff,

-against-

CANTOR FITZGERALD FINANCIAL CORPORATION, et al.,

                Defendants.

21-CV-4402 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, the "Christopher Henry Raborg, Trust" (the "Trust"), brings this action *pro se*. The Trust seeks to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses this action without prejudice.

**DISCUSSION**

Under 28 U.S.C. § 1654, individuals may represent themselves in federal court; this statute, however, does not permit non-attorneys to represent another person or any artificial entity. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). Thus, a trust cannot appear *pro se* in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991) (noting that section 1654 permits two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself"); *see also Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) (holding that "[a] trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust").

Moreover, Christopher Henry Raborg ("Raborg") may not represent the interests of the Trust, as he does not assert that he is a licensed attorney. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (noting that "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause") (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (noting that "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"); *Bell*, 486 F. Supp. 2d at 259.

In fact, Raborg is well-aware that he cannot represent the Trust *pro se*, and that the Trust cannot proceed *pro se*, because he filed a similar lawsuit in the United States District Court for the District of Columbia that was dismissed without prejudice for the same reasons. *See Christopher Henry Raborg Tr. v. Cantor Fitzgerald Fin. Corp.*, No. 20-CV-0176 (D.D.C. June 8, 2020) (dismissing Plaintiff's lawsuit without prejudice and holding that "[a]s an artificial entity, a trust cannot proceed in federal court without licensed counsel"). Here, this Court finds that because the Trust is an artificial entity that is not represented by licensed counsel, and because Raborg does not assert that he is a licensed attorney qualified to represent the Trust, this action may not proceed without counsel. Thus, the Court dismisses this action without prejudice.

## CONCLUSION

The Court dismisses this action without prejudice. *See* 28 U.S.C. § 1654.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, note service on the docket, and terminate any motions in this matter.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates

good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: June 7, 2021
New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge